Howard J. Berman
ELLENOFF GROSSMAN & SCHOLE LLP
1345 Avenue of the Americas, 11th Floor
New York, New York 10105
Telephone: (212) 370-1300
Facsimilie: (212) 370-7889
E-Mail: hberman@egsllp.com

*Attorneys for Just Jets Services, Inc.*

**Hearing Date and Time:**
**10/28/2020 @ 10:00 a.m.**
**Objection Deadline:**
**10/21/2020 @ 12:00 p.m.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

In re:

                                       Chapter 11

                                       Case No. 20-11831 (MEW)

ALL IN JETS, LLC, d/b/a JET READY,

                       Debtor.

------------------------------------------------------------------x

### NOTICE OF MOTION OF JUST JETS SERVICES, INC. FOR
### AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

**PLEASE TAKE NOTICE** that a hearing will be held on **October 28, 2020, at 10:00 a.m.** before the Honorable Michael E. Wiles, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004-1408 to consider the annexed Motion of Just Jets Services, Inc. ("Just Jets") for the entry of an order granting relief from the automatic stay under Section 362(d) of the Bankruptcy Code (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must: (i) be made in writing; (ii) be filed with the Bankruptcy Court (with a courtesy copy delivered to the Bankruptcy Judge's chambers; and (iii) be served upon (a) counsel for Just Jets, Ellenoff Grossman

{00840323.DOCX.2}

& Schole LLP, 1345 Avenue of the Americas, 11th Floor, New York, NY 10105, Attn: Howard J. Berman, Esq. (email: hberman@egsllp.com); (b) Yann Geron, Esq., the Subchapter V Trustee, Reitler Kailas & Rosenblatt LLC, 885 Third Avenue, 20th Floor, New York, NY 10022 (email: YGeron@reitlerlaw.com); and (c) Office of the United States Trustee, 201 Varick Street, Room 1006, New York, NY 10014, Attn: Shannon Anne Scott, Esq. (email: shannon.scott2@usdoj.gov), so as to be actually received by **5:00 p.m. on October 21, 2020** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and received by the Objection Deadline, the Court may grant the relief requested in the Motion without further notice or a hearing.

**PLEASE TAKE FURTHER NOTICE** that the ECF docket number to which the filing relates shall be included in the upper right hand corner of the caption of all objections.

Dated: October 9, 2020

Respectfully submitted,

ELLENOFF GROSSMAN & SCHOLE LLP

By: /s/ Howard J. Berman

Howard J. Berman
1345 Avenue of the Americas, 11th Floor
New York, New York 10105
Telephone: (212) 370-1300
Facsimile: (212) 370-7889
E-mail:hberman@egsllp.com

*Attorneys for Just Jets Services, Inc.*

ELLENOFF GROSSMAN & SCHOLE LLP
Howard J. Berman
1135 Avenue of the Americas, 11th Floor
New York, New York 10105
Telephone:  (212) 370-1300
Facsimile:  (212) -370-7889
Email: hberman@egsllp.com

Attorneys for Just Jets Services, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 11-11853 (MEW) |
| ALL IN JETS, LLC d/b/a JETREADY, | |
| Debtor. | |

**MOTION OF JUST JETS SERVICES, INC. FOR AN ORDER**
**GRANTING RELIEF FROM THE AUTOMATIC STAY**

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ....................................................................................... ii

**INTRODUCTION** .................................................................................................... 2

**JURISDICTION AND VENUE** ............................................................................... 4

**BACKGROUND** ...................................................................................................... 4

    A.  The Debtor's Bankruptcy Filing ...................................................................... 4

    B.  Services Rendered to Debtor and State Court Action ....................................... 5

**BASIS FOR RELIEF REQUESTED** ....................................................................... 8

    A.  The Automatic Stay Should be Lifted for Cause .............................................. 9

    B.  Lack of Adequate Protection is Cause for Lifting the Stay ............................... 13

    C.  The Automatic Stay Should be Lifted Because the Debtor Lacks Equity
        in the Aircraft and Does Not Need the Aircraft to Reorganize ......................... 14

**NOTICE** .................................................................................................................. 15

# TABLE OF AUTHORITIES

**Cases**

*1567 Broadway Ownership Assocs.,*
 202 B.R. 549 (S.D.N.Y. 1996).............................................................................. 13

*Burger Boys, Inc.,*
 183 B.R. 682 (S.D.N.Y. 1994)................................................................................ 9

*Elmira Litho, Inc.*,
 174 B.R. 892 (Bankr. S.D.N.Y. 1994).................................................................. 13

*Garnett*,
 47 B.R. 170 (Bankr.E.D.N.Y.1985) ...................................................................... 8

*Mazzeo v. Lenhart,*
 167 F.3d 139 (2d Cir. 1999)................................................................................... 9

*Neuman*,
 128 B.R. 333 (S.D. N.Y. 1991) ............................................................................. 8

*New England Dairies, Inc. v. Dairy Mart Convenience Stores, Inc.*
 351 F.3d 86 (2d Cir. 2003).................................................................................... 13

*Sonnax Indus., Inc. v. TRI Component Prods. Corp. (In re Sonnax Indus., Inc.),*
 907 F.2d 1280, 1286 (2d Cir. 1990) ...................................................................... 9

*United Sav. Assoc. of Tex. v. Timbers of Inwood Forest Assoc's, Ltd.*,
 484 U.S. 365 (1988)............................................................................................. 13

**Statues**

11 U.S.C. § 362(d)(2) ..................................................................................... 13, 14

11 U.S.C. § 362(a). ................................................................................................ 9

11 U.S.C. § 362(d)(1)-(2). ..................................................................................... 8

11 U.S.C. § 362(d)(1). ......................................................................................... 12

11 U.S.C. §§ 105, 305, 362, 1104 and 1112 ....................................................... 3

28 U.S.C. § 157(b)(2). .......................................................................................... 3

28 U.S.C. §§ 1408 and 1409 ................................................................................ 3

28 U.S.C. §§ 157 and 1334 ........................................................................................ 3

362(d)(1) ................................................................................................................ 12, 13

TO THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE:

Just Jets Services, Inc. ("Just Jets"), by its undersigned counsel, respectfully files this motion (the "Motion") for an order, substantially in the form annexed as Exhibit A, granting Just Jets relief from the automatic stay under Section 362(d) of the Bankruptcy Code to allow Just Jets to (i) proceed with its State Court Action (as defined below) to (i) foreclose its liens with respect to five aircraft, which are all owned by non-debtor entities and (ii) assert its rights, claims and remedies, including the commencement of litigation, against certain other aircraft that were leased to the Debtor (as defined below) by certain non-debtor entities. In support of the Motion, Just Jets has filed the Declaration of William Damm dated October 9, 2020 (the "Damm Decl."), and respectfully represents as follows:

## INTRODUCTION

1. Prior to filing for chapter 11 relief, the debtor All In Jets, LLC d/b/a Jet Ready (the "Debtor") operated a private jet charter and aircraft and aircraft management business offering flights on heavy to midsize jets, including Gulfstream GIVSPs, Gulfstream GIVs, Challenger 601s and Hawker 800 Models. The aircraft used by the Debtor were owned by various non-debtor entities that, for the most part are owned and controlled by the Debtor's sole member, Seth Bernstein, a purported billionaire, or various One World Aviation entities that are controlled by the actor Steve Harvey.

2. Just Jets, whose principal place of business is located in Longwood, Florida, is in the business of inspecting, maintaining, and repairing private, corporate, and business aircraft. Between December 2017 and July 2019, Just Jets performed inspections on and repairs to various aircraft managed and operated by the Debtor. As of the Petition Date (as defined below), the Debtor owes Just Jets $504,099.98 for maintenance, repairs and inspections

to various aircraft that were leased to or managed by the Debtor from various non-debtor entities. *See* Damm Decl. at ¶ 6.

3.      By the time of its chapter 11 filing, the Debtor had ceased all operations; its primary asset is its part 135 Certificate issued by the Federal Aviation Administration ("FAA"), which the Debtor is trying to sell. Even though Mr. Bernstein testified at the section 341 meeting of creditors that the Debtor had *no proprietary interests in any aircraft*, FAA records and the Debtor's Schedules indicate that the Debtor had entered into various aircraft leases with separate non-debtor limited liability entities whose sole asset was a jet used by the Debtor.

4.      Since the Debtor is no longer operating the aircraft that it had leased and its primary asset is a part 135 Certificate, it is clear that the Debtor has no equity in any aircraft and that the aircraft subject to the claims and liens of Just Jets are not necessary to an effective reorganization. Nor are the liens of Just Jets in such aircraft being adequately protected.

5.      Because some aircraft that had been leased to the Debtor has had its parts removed and placed on other aircraft and Mr. Bernstein has recently sold a Gulfstream G-IV bearing Tail Number N 630 E on which Just Jets performed work, it appears that Mr. Bernstein is in the process of selling his fleet to make it more difficult for Just Jets to asset its claims against the owners of the aircraft for which Just Jets was not able to assert liens.[1] *See* Damm Decl. at 9, ¶ 13.

---

[1] At the status held on September 9, 2020, the Court requested that all parties communicate with one another. In that vein, counsel for Just Jets reached out to the Debtor's counsel about entering into a stipulation and order for relief from the stay to avoid unnecessary litigation. Even though counsel for Just Jets drafted a stipulation and reached agreement with counsel for the Debtor on the form and terms of a stipulation for stay relief on September 14, 2020, subject to obtaining authorization from the Debtor, it took a full ten days to learn from the Debtor's counsel that the Debtor would not authorize the filing of the stipulation and order. No reason was given by the Debtor's counsel as to why the Debtor would not enter into the stipulation. The reason is obvious: The Debtor's principal wants to delay stay relief and hold off Just Jets so he can sell aircraft owned by non-debtor entities and keep the aircraft beyond the reach of creditors.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of the case and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7.     The statutory bases for the relief requested in this Motion are 11 U.S.C. §§ 105 and 362 and Rules 4001(a) and 9014 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), as well as Rules 4001-1 and 9014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules").

## BACKGROUND

A.     The Debtor's Bankruptcy Filing

8.     On August 9, 2020 (the "Petition Date"), the Debtor filed a voluntary petition under Subchapter V of the United States Bankruptcy Code, asserting it was a "small business debtor" within the definition of section 101 (51D) of the Bankruptcy Code.  The Debtor remains in possession of its property and continues to manage its business as a debtor in possession.

9.     Yann Geron, Esq. of Reitler Kailas & Rosenblatt LLC was appointed as the Subchapter V Trustee in this chapter 11 case.  *See* ECF No. 4.

10.     The Debtor's primary asset is its part 135 Certificate issued by the FAA. *See* Affidavit of Seth Bernstein Pursuant to Local Bankruptcy Rule 1007-2.  (ECF No. 7 at ¶ 7.)

11.     At the first meeting of creditors held on August 31, 2020, Mr. Bernstein testified that the Debtor had lost $18 million in the last two years.  Even though Federal Aviation Administration ("FAA") records and the Debtor's Schedules (*see* ECF No. 25, Schedule G at 36-37) show various aircraft leased by the Debtor, Mr. Bernstein also testified that the Debtor has no

proprietary interest in any aircraft. He reiterated this testimony at the adjourned 341 meeting on September 14, 2020, when he said that the Debtor currently has no leases.

B.  Services Rendered to Debtor and State Court Action

12.  Between December 2017, and July 2019, Just Jets entered into and consummated several business transactions with the Debtor pursuant to which Just Jets performed inspections and repairs to various aircraft managed and operated by the Debtor. Just Jets also furnished and installed parts on the aircraft in connection with such inspections and repairs. *See* Damm Decl. at ¶ 5. True copies of the invoices, which total $504,099.98 as of the Petition Date, were submitted to the Debtor for the services, parts and repairs to various aircraft managed and operated by the Debtor, are annexed as Exhibits 1 through 11 to the Damm Decl. The Debtor agreed to pay for all of the work performed by Just Jets, and neither the Debtor, its chief mechanic, nor Mr. Bernstein ever raised or asserted any objection to the invoices rendered to the Debtor. *See* Damm Decl. at ¶ 7, p.4.

13.  By virtue of filing lien notices in the county in Florida where the aircraft were located at the time Just Jets furnished labor, services and material to the Aircraft (defined below) and with the FAA under Fla. Stat. §329.01 and §329.51, Just Jets has acquired properly perfected and enforceable liens by recording lien notices in the county where the aircraft were located and with the FAA against the following aircraft, all of which are owned by non-debtor entities:

a)  Gulfstream Aerospace G-IV bearing Tail Number N 919 MB (previously Tail No. N 101 CV) that is owned by SMB Aircraft, LLC ("SMB Aircraft"), an entity controlled by Seth Bernstein, where the value of the work performed totals $72,194.09, exclusive of interest. *See* Exhibits 1 and 12 that are attached to the Damm Decl.;

b)  Gulfstream Aerospace G-IV bearing Tail Number N 299 MB[2], which is owned by One World Aviation 299 LLC ("One World 299"), a non-debtor entity controlled by Steve Harvey, where the value of the work performed totals $127,480.16, exclusive of interest. *See* Exhibits 2 and 13 that are attached to the Damm Decl.;

c)  Gulfstream Aerospace G-IV bearing Tail Number N 298 RB that is owned by SMB G-IV IV, LLC ("SMB G-IV IV") an entity controlled by Seth Bernstein, where the value of the work performed totals $8,222.50, exclusive of interest. *See* Exhibits 3 and 14 that are attached to the Damm Decl.;

d)  Gulfstream Aerospace G-IV bearing Tail Number N 272 TX that is owned by SMB G-IV I, LLC ("SMB G-IV I"), a non-debtor entity that is controlled by Seth Bernstein, where the value of the work performed totals $37,916.30, exclusive of interest. See Exhibits 4 and 15 that are attached to the Damm Decl.; and

e)  Challenger Model CL-600-2B16 bearing Tail Number N 253 LA that is owned by One World Aviation 253 LLC ("One World Aviation 253"), a non-debtor entity, controlled by Steve Harvey, where the value of the work performed totals $63,645.92, exclusive of interest.  *See* Exhibits 5 and 16 that are attached to the Damm Decl.  (The aircraft bearing Tail Numbers N 919 MB (previously Tail Number N 101 CV), N 299 MB, N 298 RB, N 272 TX and N 253 LA as  described in subparagraphs a) through e) of this Paragraph 13 are referred to collectively as the "Liened Aircraft,").

14.  Just Jets also provided services, labor and material to the following aircraft where Just Jets did not acquire a lien (such aircraft are referred to collectively as the "Non-Liened Aircraft"): (i) Challenger 604 bearing Tail Number N 118 MT that is owned by One World Aviation 118, LLC ("One World 118"), a non-debtor entity, and leased to the Debtor

---

[2] This aircraft has had a significant number of its parts removed and placed on other aircraft.

where Just Jets provided $90,329.93 of work. *See* Damm Decl. at¶ 6 f) and Exhibit 6 attached thereto; (ii) Challenger 604 bearing Tail Number N 204 JK that is owned by SMB Challenger I, LLC ("<u>SMB Challenger I</u>"), a non-debtor entity controlled by Seth Bernstein, that is leased to the Debtor where Just Jets provided $15,107.56 of work. *See id.* at ¶ 6 g) and Exhibit 7 attached thereto; (iii) Gulfstream G-IV bearing Tail Number N 917 MS, owned by 917MS, LLC, a non-debtor entity controlled by Seth Bernstein, that is leased to the Debtor where Just Jets provided $5,205.20 of work. *See id.* at ¶ 6 i); and (iv) Gulfstream G-IV bearing Tail Number N 630 E that is owned by SMB G-IV III, LLC ("<u>SMB G-IV III</u>"), a non-debtor entity controlled by Seth Bernstein, that is leased to the Debtor where Just Jets provided $9,139.60 of work. *See id.* at ¶ 6 j) (the Non-Liened Aircraft together with the Liened Aircraft are collectively referred to as the "<u>Aircraft</u>", and SMB Aircraft, One World 299, SMB G-IV IV, SMB G-IV I, One World 253; One World 118, SMB Challenger I, 917MS and SMB G-V III are collectively referred to as the "<u>Non-Debtor Owner Entities</u>").

15.     Because the Debtor failed to honor and pay it obligations to Just Jets, on or about April 16, 2020, Just Jets commenced an action by filing a complaint in The Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, Case No. 05-2020-CA-02443-XXXX-XX, against the Debtor and certain of the Non-Debtor Owner Entities (SMB Aircraft, One World 299, One World 253, SMB G-IV IV and SMB G-IV I) for, among other things, a judgment (i) determining that the Debtor is liable to Just Jets in the amount of $504,099.98 for labor, parts, maintenance and other services performed on the aircraft described in paragraph 6 of the Damm Decl., and (ii) allowing Just Jets to foreclose its liens on the Liened Aircraft (the "<u>State Court Action</u>").

16.     The Debtor and the Non-Debtor Owner Entities failed to answer or respond to the complaint in the State Court Action, and defaults were entered on May 21, 2020, and July 27, 2020, against the Debtor and the Non-Debtor Owner Entities that were named as defendants in the State Court Action.  *See* Damm Decl. at ¶ 10 and Exhibit 17 attached thereto.

17.     Because the Debtor is not operating any aircraft and the Aircraft are owned by the Non-Debtor Owner Entities, it is plain that the Aircraft are not necessary to the Debtor's proposed reorganization, which only contemplates a sale of the part 135 Certificate, and the automatic stay should be vacated to permit Just Jets to (i) proceed with the State Court Action to foreclose its properly perfected liens on the Liened Aircraft and (ii) assert its rights, claims and remedies, including the commencement of litigation, against the Non-Liened Aircraft.

## BASIS FOR RELIEF REQUESTED

18.     Section 362(a) of the Bankruptcy Code prohibits, among other things, any person to commence or continue an action or proceeding that was or could have been commenced before the filing of a bankruptcy petition or to enforce a judgment against the debtor or against property of the estate or to take any action to "recover a claim against the debtor that arose before the commencement of the case…." 11 U.S.C. § 362(a)(1).  The stay also prohibits "any act to obtain possession of property of the estate or property from the estate…." 11 U.S.C. § 362(a)(3).  While the automatic stay is designed to protect property interests of the estate, the stay does not apply to non-debtor third parties.  *See In re Neuman*, 128 B.R. 333, 336 (S.D. N.Y. 1991) (citing *Teachers Ins. And Annuity Assn. of America v. Butler*, 802 F.2d 61, 65 (2d Cir. 1986) and *In re Garnett*, 47 B.R. 170 (Bankr.E.D.N.Y.1985))  (It is well established that section 362(a) is not available for the benefit of non-bankrupt codefendants because such an extension of

the stay does not promote the underlying purposes of the automatic stay, debtor/creditor protection).[3]

19.   Under sections 362(d)(1) and 362(d)(2) of the Bankruptcy Code, a court may grant relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party" or "with respect to a stay of an act against property . . . if (A) the debtor does not have any equity in such property; and (B) such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d)(1)-(2).

A.   The Automatic Stay Should be Lifted for Cause

20.   Although the Bankruptcy Code does not define "cause," courts have recognized that "cause" under section 362(d)(1) must be determined on a case-by-case basis. *See Sonnax Indus., Inc. v. TRI Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990). In determining whether cause has been shown to permit litigation to continue in another forum, the Second Circuit has adopted a test that considers the following factors:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

---

[3] Here, because the Debtor has entered into leases to rent various aircraft, the automatic stay applies despite the fact that the Debtor is no longer using such aircraft.

*Sonnax,* 907 F.2d at 1286 (2d Cir. 1990) (citing *In re Curtis,* 40 B.R. 798, 799-800 (Bankr. D. Utah 1984)). No single factor is determinative. *See Mazzeo v. Lenhart (In re Mazzeo),* 167 F.3d 139, 143 (2d Cir. 1999) ("Not all of these factors will be relevant in every case); *In re Burger Boys, Inc.,* 183 B.R. 682, 688 (S.D.N.Y. 1994) (specific consideration of each factor is not required and only those relevant factors need be considered).

21. The *Sonnax* factors relevant to this Motion overwhelmingly support the lifting of the automatic stay to enable the State Court Action to proceed to enable Just Jets to foreclose its liens against the Liened Aircraft. As to the first factor – whether relief would result in a partial or complete resolution of the issues -- the adjudication of the State Court Action will result in the resolution of all of Just Jets' claims against the Non-Debtor Owner Entities that own the Liened Aircraft. Also, any recoveries (net of costs and expenses) obtained against the Non-Debtor Owner Entities and the Liened Aircraft will reduce the amount of Just Jets' unsecured claim against the Debtor, which has been listed in the Debtor's Schedules as undisputed and not subject to set off. *See* ECF No. 25 at 24. Thus, the adjudication of the State Court Action will benefit the Debtor's estate.

22. As to the second factor – whether the state court action lacks a connection to the case or will interfere with the bankruptcy case – the State Court Action has no connection to the bankruptcy case and allowing the State Court Action to proceed will not interfere with the bankruptcy case in any way. The Debtor ceased operations prior to the Petition Date, has stopped flying and has no use for the Aircraft. *See* Damm. Decl. at ¶ 12. In fact, the Debtor's primary asset is its part 135 Certificate, which the Debtor is trying to sell as part of a plan. Moreover, the aircraft "Dry" leases have no value, and the Debtor's principal testified at the 341 meeting of creditors that the Debtor had no proprietary interest in any aircraft. Accordingly, the

continued prosecution of the State Court Action will not interfere with the Debtor's chapter 11 case.

23. With respect to the fourth factor – whether a specialized tribunal with necessary expertise has been established to hear the action – the state courts in Florida are well versed in adjudicating liens on aircraft and interpreting the Florida statutes governing the requirements that must be satisfied to acquire and enforce a lien against an aircraft. Thus, the forth factor has been satisfied.

24. With respect to the sixth factor – whether the action primarily involves third parties – the primary parties in the State Court are the Non-Debtor Owner Entities who own the Liened Aircraft that is subject to foreclosure and the other non-debtor entities who own the Non-Liened Aircraft. These non-debtor entities have nothing to do with the Debtor's chapter 11 case. While the State Court Action does contain claims against the Debtor for the amounts owed for the work rendered by Just Jets, the amount in question is not subject to dispute; the Debtor never answered the complaint, and a default has been entered against the Debtor and all of the other defendants. *See* Exhibit 17 to the Damm Decl. Moreover, the Debtor has scheduled the amount due Just Jets as undisputed and not subject to set off. *See* ECF No. 25 at 24. Accordingly, the sixth factor has been satisfied.

25. As to the seventh factor – whether litigation in another forum would prejudice the interests of other creditors – lifting the stay to allow the State Court Action to proceed will not prejudice the interests of other creditors in this case. Allowing the State Court Action to proceed so that Just Jets can foreclose its liens on aircraft that are owned by Non-Debtor Owner Entities will benefit the estate's creditors, because any net proceeds Just Jets receives will reduce its claims against the Debtor's estate.

26.    The eighth factor – whether the judgment arising from the other action is subject to equitable subordination – is satisfied, because Just Jets has not engaged in any inequitable conduct in trying to collect a debt that is not subject to dispute by the Debtor.  In addition, the foreclosure of Just Jets' liens on the Liened Aircraft does not affect the Debtor in any way, as the Aircraft are owned by non-debtor entities.  In contrast, it is the Debtor and its principal who have evaded payment of the debts due it its creditors by filing for chapter 11 relief, selling aircraft and proposing a plan that is likely to pay pennies on the dollar.

27.    Similarly, the ninth factor – whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor – is satisfied, as the State Court Action involves the enforcement of a lien Just Jets filed for unpaid work on various aircraft; the State Court Action therefore will not result in the entry of a judicial lien that is avoidable by the Debtor.

28.    The tenth factor – the interests of judicial economy and the expeditious and economical resolution of litigation – supports granting relief from the stay, because the Florida state court has the expertise to determine whether Just Jets' liens in the Liened Aircraft may be foreclosed.  Also, given the fact no defendant has answered the complaint and defaults have already been entered by the state court, judicial economy is served by allowing the State Court Action to proceed.[4]

29.    Finally, the relative impact of the stay on the Debtor and Just Jets and the balance of harms – the twelfth factor – weigh in favor of lifting the stay.  While there is no negative impact on the Debtor if the stay is lifted, because the Debtor has no proprietary interest in the Aircraft, all of which are owned by the Non-Debtor Owner Entities, the harm to Just Jets

---

[4] The eleventh factor – whether the parties are ready for trial in the other proceeding – is not applicable, as the defendants in the State Court Action never answered or appeared and their defaults have been entered.  Just Jets is ready to seek the entry of default judgments as soon as the stay is lifted.

would be substantial. In effect, the Court would be granting a stay prohibiting Just Jets from proceeding against third party non-debtor entities without requiring the Debtor to comply with the requirements for establishing injunctive relief. Moreover, the Debtor's principal has already allowed a substantial number of parts to be removed from one aircraft, and he is currently trying to sell other aircraft, which may impair the claims and liens of Just Jets against the Non-Debtor Owner Entities.

B.    Lack of Adequate Protection is Cause for Lifting the Stay

30.    Section 362(d)(1) of the Bankruptcy Code permits the Court to lift the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). Courts recognize that lack of adequate protection constitutes "cause" to modify the automatic stay. *See United Sav. Assoc. of Tex. v. Timbers of Inwood Forest Assoc's, Ltd.*, 484 U.S. 365, 365 (1988) (quoting section 362(d)(1)); *New England Dairies, Inc. v. Dairy Mart Convenience Stores, Inc. (In re Dairy Mart Convenience Stores, Inc.)*, 351 F.3d 86, 91 (2d Cir. 2003).

31.    To establish a lack of adequate protection, a secured creditor need only make a *prima facie* showing that it holds a secured claim and that the value of the collateral is declining or that there is a threat of such decline as a result of the automatic stay. *In re Elmira Litho, Inc.*, 174 B.R. 892, 902 (Bankr. S.D.N.Y. 1994). Once the creditor's *prima facie* case is shown, it is the debtor's burden to prove that the collateral is not declining in value or that the secured creditor is adequately protected. *Elmira Litho*, 174 B.R. at 902.

32.    In the instant case, relief from the automatic stay is appropriate under section 362(d)(1) of the Bankruptcy Code, because Just Jets' interest in the Liened Aircraft is not adequately protected. As explained above, the Debtor has stopped operating aircraft and there is no evidence that the Liened Aircraft are being properly maintained. Further, every day that

passes without the Liened Aircraft being used and maintained causes such aircraft to decline in value.  *See* Damm Decl. at ¶ 14.   Accordingly, the stay should be lifted on account of lack of adequate protection.

C.    The Automatic Stay Should be Lifted Because the Debtor Lacks Equity
      in the Aircraft and Does Not Need the Aircraft to Reorganize

33.    Relief from the automatic stay is also appropriate pursuant to section 362(d)(2) of the Bankruptcy Code, because the Debtor has no equity in the Aircraft and the Aircraft are not necessary to the Debtor's reorganization.  *In re 1567 Broadway Ownership Assocs.,* 202 B.R. 549, 553 (S.D.N.Y. 1996) (affirming bankruptcy court's approval of motion to lift the automatic stay where the claims against the debtor's property exceeded the value of the property by $20 million and reorganization was deemed impossible).

34.    Here, the Debtor has no equity in the Aircraft, because prior to ceasing operations it merely leased its fleet of aircraft from non-debtor entities and the leases are of no value.   Moreover, the Debtor's principal has conceded that the Debtor has no proprietary interests in the Aircraft.  *See* Damm Decl. at ¶ 3.

35.    Moreover, the Aircraft that are the subject of this Motion literally are not necessary to the Debtor's reorganization, because the Debtor's proposed plan of reorganization is based solely on the sale of its part 135 Certificate.  Thus, the Debtor cannot demonstrate that the Aircraft that are the subject of this Motion are necessary for the Debtor's reorganization and relief from the automatic stay is appropriate under § 362(d)(2) of the Bankruptcy Code to permit Just Jets to exercise its non-bankruptcy rights and remedies with respect to the Aircraft and permit Just Jets to continue to litigate the State Court Action.

## NOTICE

36.     Notice of this Motion has been given to: (i) counsel for the Debtor, Ciardi, Ciardi & Astin, 2005 Market St., Philadelphia, PA 19103, Attn: Jennifer Elizabeth Cranston by email at jcranston@ciardilaw.com; the Debtor c/o Seth Bernstein by email at Seth@Bernsteinequity.com; (iii) Reitler Kailas & Rosenblatt LLC, 885 Third Avenue, 20th Floor. New York NY 10022, Attn: Yann Geron, Esq. by email at Ygeron@reitlerlaw.com; (iv) Office of the United States Trustee, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Shannon Anne Scott, Esq. by email at Shannon.scott2@usdoj.gov; (v) the aircraft owners: SMB Aircraft, LLC, 2104 Lakehaven Point, Longwood, FL 32779; SMB G-IV IV, LLC, 2104 Lakehaven Point, Longwood, FL 32779; SMB G-IV I, LLC, 2104 Lakehaven Point, Longwood FL 32779; SMB Challenger I, LLC, 2104 Lakehaven Point, Longwood, FL 32779; 917MS, LLC, 2104 Lakehaven Point, Longwood FL 32779; SMB G-IV III LLC, 2104 Lakehaven Point, Longwood, FL 32779; One World Aviation 299 LLC, 8 The Green, Suite A, Dover, DE 19901; One World Aviation 253 LLC, 8 The Green, Suite A, Dover, DE 19901; and One World Aviation 118 LLC, 8 The Green, Suite A, Dover, DE 19901; and (vi) all persons who filed a request for notice in this case under Bankruptcy Rule 2002.  Just Jets submits that such notice is sufficient under the circumstances and that no other or further notice need be provided.

37.     No previous application for the relief requested in this Motion has been made to this or any other court.

WHEREFORE, Just Jets respectfully requests that this Court enter an order granting Just Jets relief from the automatic stay to allow Just Jets to continue to prosecute the State Court Action to foreclose its liens and to exercise its non-bankruptcy rights and remedies as

to the Non-Liened Aircraft, and granting Just Jets such other and further relief as is just and proper.

Dated: New York, New York
October 9, 2020

ELLENOFF GROSSMAN & SCHOLE, LLP

By: */s/ Howard J. Berman*
    Howard J. Berman

1345 Avenue of the Americas, 11th Floor
New York, NY 10105
Telephone: (212) 370-1300
Facsimile: (212) 370-7889
Email: hberman@egsllp.com

Attorneys for Just Jets, Inc.

# EXHIBIT A

# [Proposed Order]

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

In re:

  ALL IN JETS, LLC d/b/a JET READY,           Chapter 11

                                             Case No.  20-11831 (MEW)

                      Debtor.

------------------------------------------------------------x

## ORDER GRANTING MOTION OF JUST JETS SERVICES, INC.
## FOR RELIEF FROM THE AUTOMATIC STAY

Upon the Motion of Just Jets Services, Inc. ("Just Jets") for an Order Granting Relief from the Automatic Stay, dated October 9, 2020 (the "Motion") to allow Just Jets to (i) proceed with that certain action pending in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, Case No. 05-2020-CA-02443-XXXX-XX, entitled *Just Jets Services, Inc. vs. All In Jets, LLC (d/b/a Jet Ready); SMB Aircraft, LLC; One World Aviation 299 LLC; One World Aviation 253 LLC; SMB G-IV IV, LLC; SMB G-IV-IV I, LLC* (the "State Court Action") so that Just Jets may foreclose its liens on five aircraft that are owned by non-debtor entities and assert its rights, claims and remedies, including the commencement of litigation, against certain other aircraft and certain non-debtor entities that leased those aircraft to All In Jets, LLC d/b/a Jet Ready (the "Debtor") as described in the Motion; and upon the Declaration, dated October 9, 2020, of William Damm in Support of Motion of Just Jets Services, Inc. for Relief from the Automatic Stay; and sufficient notice of the Motion having been given to the Debtor, counsel for the Debtor, Yan Geron, the Subchapter V Trustee, the United States Trustee, the entities that own the aircraft affected by the Motion and all parties who filed a notice of appearance and request for notice under Bankruptcy Rule 2002; and a hearing having been held before this Court on October 28, 2020, to consider the Motion; and the Court having heard and considered the arguments of counsel; and the court having determined that under Section 362(d)(1) of the

Bankruptcy Code that Just Jets has established good cause for relief from the automatic stay and that under Section 362(d)(2) of the Bankruptcy Code Just Jets has established that the Debtor does not have any equity in the aircraft at issue and that such aircraft are not necessary to an effective reorganization; and after due deliberation and sufficient cause having been shown, it is hereby

ORDERED that the Motion is granted; and it is further

ORDERED that the automatic stay provided for under Section 362(a) of the Bankruptcy Code is vacated to permit Just Jets to (i) proceed and litigate the State Court Action so that Just Jets may foreclose its liens on five aircraft bearing Tail Numbers N 919 MB (previously Tail Number N 101 CV), N 299 MB, N 298 RB, N 272 TX and N 253 LA that are owned by non-debtor entities as described in the Motion and (ii) assert its rights, claims and remedies, including the commencement of litigation, against certain other aircraft bearing Tail Numbers N 118 MT, N 204 JK, N 917 MS and N 630 E and the non-debtor entities that own such aircraft as described in the Motion; and it is further

ORDERED that nothing contained in this Order shall constitute a waiver of the rights of Just Jets to seek any other relief in this Court; and it is further

ORDERED that the provisions of this Order and any actions taken pursuant hereto shall survive the entry of any subsequent order that may be entered in this case, including any order confirming a plan or any order entered in a superseding chapter 7 case, and the terms and provisions of this Order shall continue in full force and effect notwithstanding the entry of such order.  In addition, this Order shall be binding on the Debtor, the Subchapter V Trustee, Just Jets, all creditors of the Debtor and all other parties in interest and their respective successors and assigns, including any trustee or other fiduciary hereafter appointed as the legal representative of the Debtor under chapter 7 or chapter 11 of the Bankruptcy Code in this chapter 11 case or any successor case; and it is further

ORDERED that notwithstanding Bankruptcy Rule 4001(a)(3), there is no reason in delaying the implementation of this Order, and, accordingly, this Order shall become effective immediately upon its entry.

Dated: New York, New York
      October  , 2020

 

_____
Honorable Michael E. Wiles
UNITED STATES BANKRUPTCY JUDGE