**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re:

ALL IN JETS, LLC d/b/a JET READY,   Chapter 11

                                                            Case No. 20-11831 (MEW)

                           Debtor.
------------------------------------------------------------x

### ORDER GRANTING MOTION OF JUST JETS SERVICES, INC.
### FOR RELIEF FROM THE AUTOMATIC STAY

Upon the Motion of Just Jets Services, Inc. ("Just Jets") for an Order Granting Relief from the Automatic Stay, dated October 9, 2020 (the "Motion") to allow Just Jets to (i) proceed with that certain action pending in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, Case No. 05-2020-CA-02443-XXXX-XX, entitled *Just Jets Services, Inc. vs. All In Jets, LLC (d/b/a Jet Ready); SMB Aircraft, LLC; One World Aviation 299 LLC; One World Aviation 253 LLC; SMB G-IV IV, LLC; SMB G-IV-IV I, LLC* (the "State Court Action") so that Just Jets may foreclose its liens on five aircraft that are owned by non-debtor entities and assert its rights, claims and remedies, including the commencement of litigation, against certain other aircraft and certain non-debtor entities that leased those aircraft to All In Jets, LLC d/b/a Jet Ready (the "Debtor") as described in the Motion; and upon the Declaration, dated October 9, 2020, of William Damm in Support of Motion of Just Jets Services, Inc. for Relief from the Automatic Stay; and sufficient notice of the Motion having been given to the Debtor, counsel for the Debtor, Yann Geron, the Subchapter V Trustee, the United States Trustee, the entities that own the aircraft affected by the Motion and all parties who filed a notice of appearance and request for notice under Bankruptcy Rule 2002; and a hearing having been held before this Court on October 28, 2020, to

{00845025.DOCX.4}                          1

consider the Motion; and no objections having been filed by the Debtor or any other party in interest; and the Court having determined that under Section 362(d)(1) of the Bankruptcy Code that Just Jets has established good cause for relief from the automatic stay and that under Section 362(d)(2) of the Bankruptcy Code Just Jets has established that the Debtor does not have any equity in the aircraft at issue and that such aircraft are not necessary to an effective reorganization; and after due deliberation and sufficient cause having been shown, it is hereby

ORDERED that the Motion is granted; and it is further

ORDERED that the automatic stay provided for under Section 362(a) of the Bankruptcy Code is vacated to permit Just Jets to proceed and litigate the State Court Action to enable Just Jets to foreclose and enforce its liens, including the foreclosure of any interest the Debtor has or may have, on five aircraft bearing Tail Numbers N 919 MB (previously Tail Number N 101 CV), N 299 MB, N 298 RB, N 272 TX and N 253 LA that are owned by non-debtor entities as described in the Motion; and it is further

ORDERED that the automatic stay provided for under Section 362(a) of the Bankruptcy Code is vacated to permit Just Jets to assert its rights, claims and remedies, including the commencement of litigation, solely against the following non-debtor entities and their aircraft: (i) One World Aviation 118 LLC, which is the owner of the aircraft bearing Tail Number N 118 MT; (ii) SMB Challenger I, LLC, which is the owner of the aircraft bearing Tail Number N 204 JK; (iii) 917MS, LLC, which is the owner of the aircraft bearing Tail Number N 917 MS; and (iv) SMB G-IV III, LLC, which is the owner of the aircraft bearing Tail Number N 630 E; and it is further

ORDERED that the Court shall retain exclusive jurisdiction for any monetary/damage claims asserted by Just Jets against the Debtor; and it is further

ORDERED that nothing contained in this Order shall constitute a waiver of the rights of Just Jets to seek any other relief in this Court; and it is further

ORDERED that the provisions of this Order and any actions taken pursuant hereto shall survive the entry of any subsequent order that may be entered in this case, including any order confirming a plan or any order entered in a superseding chapter 7 case, and the terms and provisions of this Order shall continue in full force and effect notwithstanding the entry of such order.  In addition, this Order shall be binding on the Debtor, the Subchapter V Trustee, Just Jets, all creditors of the Debtor and all other parties in interest and their respective successors and assigns, including any trustee or other fiduciary hereafter appointed as the legal representative of the Debtor under chapter 7 or chapter 11 of the Bankruptcy Code in this chapter 11 case or any successor case; and it is further

ORDERED that notwithstanding Bankruptcy Rule 4001(a)(3), there is no reason in delaying the implementation of this Order, and, accordingly, this Order shall become effective immediately upon its entry.

Dated: New York, New York
      October 28, 2020

        <u>**s/Michael E. Wiles**</u>
        Honorable Michael E. Wiles
        UNITED STATES BANKRUPTCY JUDGE