OFFIT KURMAN, P.A.
590 Madison Ave., 6th Floor
New York, New York 10022
Tel: 929.476.0041
Fax: 212.545.1656
Michael T. Conway, Esq.
Michael.Conway@OffitKurman.com

*Counsel for Caliber Jet Charter, LLC*
*and Nathan Raciborski*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————————

| | |
|---|---|
| In re: | Case No: 20-11831-mew |
| ALL IN JETS SERVICES, LLC d/b/a Jet Ready, | Chapter 11 |
| Debtor, | |

———————————————————————————

### NOTICE OF PRESENTMENTOF OMNIBUS APPLICATION FOR ORDER AUTHORIZING CALIBER JET CHARTER, LLC AND NATHAN RACIBORSKI TO (A) CONDUCT A 2004 EXAMINATION OF WITNESSES; AND (B) SEEK RELATED DOCUMENT PRODUCTION

**PLEASE TAKE NOTICE** that the undersigned will present the annexed *OMNIBUS APPLICATION FOR ORDER AUTHORIZING CALIBER JET CHARTER, LLC AND NATHAN RACIBORSKI TO (A) CONDUCT A 2004 EXAMINATION OF WITNESSES; AND (B) SEEK RELATED DOCUMENT PRODUCTION* (the "Application"), to the Honorable Michael E. Wiles, United States Bankruptcy Judge, for signature on **January 11, 2021 at 12:00 p.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that any response or objection to the Application must be filed with the Bankruptcy Court and served upon (i) the chambers of the  Honorable Michael E. Wiles, One Bowling Green, New York, New York 10004, Courtroom 617; (ii) attorneys

for the Movant, Offit Kurman, P.A., 590 Madison Avenue, 6th Floor, New York, New York 10022 (Attn: Michael T. Conway, Esq.); (iii) the subchapter V Trustee, Yann Geron, Reitler Kailas & Rosenblatt LLC, 885 Third Avenue, 20th Floor, New York, NY 10022; and (iv) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Room 1006, New York, NY 10014 (Attn: Shannon Anne Scott), on or before **January 6, 2021 at 4:30 p.m. (Prevailing Eastern Time)**. Unless objections are received by that time, the accompanying proposed order may be signed.

Dated: December 29, 2020
      New York, New York

                    OFFIT KURMAN, P.A.

                By: /s/ Michael T. Conway
                    Michael T. Conway
                    590 Madison Ave., 6th Floor
                    New York, New York 10022
                    Tel: 929.476.0041
                    Fax: 212.545.1656
                    Michael.Conway@OffitKurman.com

                    *Counsel for Caliber Jet Charter, LLC*
                     *and Nathan Raciborski*

OFFIT KURMAN, P.A.
590 Madison Ave., 6ᵗʰ Floor
New York, New York 10022
Tel: 929.476.0041
Fax: 212.545.1656
Michael T. Conway, Esq.
Michael.Conway@OffitKurman.com

*Counsel for Caliber Jet Charter, LLC*
 *and Nathan Raciborski*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____

In re:                                                          Case No: 20-11831-mew

ALL IN JETS SERVICES, LLC d/b/a Jet Ready,          Chapter 11

                    Debtor,
_____

**OMNIBUS APPLICATION FOR ORDER AUTHORIZING CALIBER JET CHARTER, LLC AND NATHAN RACIBORSKI TO (A) CONDUCT A 2004 EXAMINATION OF WITNESSES; AND (B) SEEK RELATED DOCUMENT PRODUCTION**

Calber Jet Charter, LLC ("Caliber Jet") and Nathan Raciborski ("Raciborski," collectively with Caliber Jet, "Movants"), by and through the undersigned counsel, files this Application (the "Application") seeking an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), authorizing the Debtor to conduct an examination of the witnesses described in paragraphs 30-49 below (the "Witnesses"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004"), and requests that this Court enter the Order directing the Witnesses to appear for examination and to produce documents related to the Debtor's business pursuant to Subpoenas substantially in the forms annexed hereto as **Exhibit B** (relating to the Part 135 Certificate) and **Exhibit C** (relating to the Part 1335 Certificate Revenue). In support of the Application, Movants respectfully represent as follows:

**BACKGROUND**

1.     According to the Local Rule 1007-2 Affidavit filed by the Debtor's Managing Member, Seth Bernstein, the Debtor is a private jet charter operator and aircraft management company offering flights worldwide with a floating charter fleet of heavy to midsize jets including Gulfstream GIVSPs, Gulfstream GIVs, Challenger 601s and Hawker 800 models. However, the Debtor is not currently managing aircraft and offering flights. The Debtor's primary asset is its 14 CFR Part 135 Air Carrier and Operator Certificate  and the Standard Operating procedures, manuals and protocols (the "Part 135 Certificate"). The Debtor has indicated an intention to sell itself and the Part 135 Certificate for approximately $625,000. [Dkt 7, Bernstein Affidavit at ¶¶ 5-7].

2.     On August 9, 2020 (the "Petition Date"), the Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor is currently authorized to continue to operate its businesses and manage their properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.     Yann Geron has been appointed subchapter V trustee in this chapter 11 case.

**EVENTS LEADING TO THE DEBTOR OBTAINING THE PART 135 CERTIFICATE**

4.     The origin of the Part 135 Certificate, insofar as it relates to the Debtor, involves a scheme devised by the founder of the Debtor, John DePalma ("DePalma"), and an associate of DePalma, K. James Zinkan ("Zinkan").

5.     In brief, Raciborski is the owner of Calber Jet, the true owner of the Part 135 Certificate, as well as of 122LX, LLC ("122LX"), the owner of a Lear Jet, Model 55, Serial #30 (the "Jet").

6.     The Jet was previously used for charter flights throughout the United States utilizing the Part 135 Certificate

7.     A time came when Raciborski brought in DePalma to manage both Caliber Jet and 122LX and, regrettably, made him the manager with statutory authority to deal with the Federal Aviation Administration (the "FAA").

8.     In or about May 3, 2016, Zinkan and 122LX entered into an agreement allowing for a consent judgment to be entered in Ohio based on a loan provided to 122LX from Zinkan.

9.     The consent judgment was for $286,850.84 (the "consent judgment").

10.    In or about September, 2016, Zinkan brought an action in St. Lucie County, Florida, to seize the Jet and conduct a Sheriffs sale to attempt to recoup the consent judgement amount (the "St. Lucie County Action").

11.    At some point in  2016, DePalma and Zinkan devised a plan, first to take the Jet, and following a refusal by Raciborski to sell the Part 135 Certificate, to take  that as well.

12.    Upon information and belief, DePalma maintained possession of the FAA mandated Jet books and records (the "Books and Records"), while denying his possession, as leverage over the value of the Jet, until ordered by the court in the St. Lucie County Action to produce them in or about October, 2016.

13.    Upon information and belief, all of the foregoing was accomplished to facilitate a back-door purchase of the Jet so that Zinkan could operate the Jet as a charter plane with Zinkan Aviation utilizing the Part 135 Certificate.


14.    In early 2017, a contract was presented to Raciborski from Zinkan and DePalma whereby Raciborski and 122LX would receive $1.00 for the Jet, assume all liability, and Zinkan

and DePalma would charter the aircraft and earn the subsequent profits using the Part 135 Certificate. A true and accurate copy of the proposed contract is attached hereto as Exhibit "A."

15. Upon information and belief, Zinkan formed Zinkan Aviation, LLC, an Ohio limited liability company, for the sole purpose of chartering the Jet using the Part 135 Certificate.

16. Zinkan Aviation was formed in or about January 30, 2017, around the time the $1.00 purchase agreement was presented to Raciborski.

17. Not surprisingly, Raciborski refused to accept the $1.00 purchase agreement.

18. DePalma formed the Debtor on May 24, 2016 and planned on using the Debtor in conjunction with Zinkan Aviation to charter aircraft using the Part 135 Certificate.

19. The Part 135 Certificate was issued to Caliber Jet

20. A Part 135 Certificate has significant value and increases the value of any aircraft utilized on the Part 135 Certificate. The resale market value for an entity with a multi-plane capable Part 135 Certificate averages $1,000,000. The Part 135 Certificate is an over ten (10) seat certificate, the largest designation available from the FAA.

21. Upon information and belief, the Part 135 Certificate owned by Caliber Jet was being used by the debtor to charter other aircraft in the United States.

22. Neither Raciborski, nor 122LX nor Caliber Jet approved the utilization of the Part 135 Certificate for any other aircraft or other commercial enterprise.

23. The Part 135 Certificate was easy to transfer because DePalma was registered with the FAA and had full and exclusive authority in the FAA's eyes to manipulate the paperwork to do so.

## THE SIPHONING OF THE DEBTOR'S REVENUES FROM
## FLIGHTS UNDER THE PART 135 CERTIFICATE

24.     As suggested by the various filings in this case, as well as by Seth Bernstein's 341 Meeting testimony, a plane requires an Air Carrier Certificate and the Debtor flew each of its flights to date under the Part 135 Certificate at issue.

25.     Moreover, the books, records and testimony to date suggests that the revenues from flights flown by the Debtor have resulted in an up-streaming to affiliated entities that enter into leases for their planes with the Debtor.

26.     It should be noted, however, that all of the revenues from these flights are required to be earned by the entity that holds the Part 135 Certificate and most of these revenues were up-streamed despite the fact that the expenses for these flights were all incurred by the Debtor.

27.     In short, the revenues from these flights either all belong to the Movant because the Part 135 Certificate was stolen from Caliber Jet, or the bulk of these up-streamed revenues could be subject to claw back by the Debtor's estate and serve as a means of funding a recovery to the estate creditors.

28.     On information and belief, the revenues in question range from the low end of $10 million to a high of $30 million or more.

29.     Without these records, many of which are only going to exist with Mr. Bernstein's affiliate entities, or the One World entities identified below, this bankruptcy case cannot be fully and fairly administered.

## THE PARTIES TO BE EXAMINED

**Related to Part 135 Certificate**

30.     Seth Bernstein, Managing Member and sole owner of the Debtor. Individually and in his corporate capacity. According to his 341 Meeting testimony, Mr. Bernstein did substantial

due diligence when he purchased the Debtor and did so in part because of the Part 135 Certificate. Mr. Bernstein has knowledge concerning the background of the Part 135 Certificate and has access to the documents related to the Part 135 Certificate including the communications between the Debtor, the FAA and the Debtor's predecessor, Caliber Jet, along with the Standard Operating procedures, manuals and protocols associated with the Part 135 Certificate.

31. FAA. The FAA has documentation which shows the history of the transfer of the Part 135 Certificate from Caliber Jet to the Debtor and the required mechanism for obtaining a part 135 Certificate

32. Nigel English. Former Chief Operating Officer of the Debtor. On information and belief, Mr. Nigel has knowledge related to the history of the transfer of the Part 135 Certificate to the Debtor.

33. Dan Hebert. CFO of the Debtor. On information and belief, Mr. Herbert has knowledge concerning the business records of the Debtor related to the Part 135 Certificate.

34. K. James Zinkan. Individual initially involved with the theft of the Part 135 Certificate from Caliber Jet.

35. John DePalma. Individual initially involved with the theft of the Part 135 Certificate from Caliber Jet and founder of the Debtor.

**Related to Diverted Revenues Associated with Part 135 Certificate**

36. Seth Bernstein, Managing Member and sole owner of the Debtor. Individually and in his corporate capacity. According to Mr. Bernstein's 341 Meeting testimony, the majority of the revenues from flights flown under the Part 135 Certificate were accomplished using the Debtor's resources (including employees), but the revenues were almost entirely up-streamed to his other entities which "leased" their planes to the Debtor or to the One World Aviation entities.

These revenues either belong to the Movant or to the Debtor and, accordingly investigation needs to occur with respect to the claim that the only asset of the Debtor is the Part 135 Certificate.

37.     Dan Hebert. CFO of the Debtor. On information and belief, Mr. Herbert has knowledge concerning the business records of the Debtor related to the revenues from flights flown under the Part 135 Certificate.

38.     SMB Aircraft, LLC ("SMB Aircraft"), on information and belief, a non-debtor entity controlled by Seth Bernstein from which the Debtor "leased" aircraft and to which the Debtor up-streamed revenues. According to the tax returns on file in this matter, SMB Aircraft was considered a single entity with the Debtor and Mr. Bernstein for tax purposes.

39.     SMB G-IV IV, LLC ("SMB G–IV IV"), on information and belief, a non-debtor entity controlled by Seth Bernstein from which the Debtor "leased" aircraft and to which the Debtor up-streamed revenues.

40.     SMB G-IV I, LLC ("SMB GIV I"), on information and belief, a non-debtor entity controlled by Seth Bernstein from which the Debtor "leased" aircraft and to which the Debtor up-streamed revenues.

41.     SMB Challenger I, LLC 1 ("SMB Challenger I"), on information and belief, a non-debtor entity controlled by Seth Bernstein from which the Debtor "leased" aircraft and to which the Debtor up-streamed revenues.

42.     917MS, LLC ("917MS"), on information and belief, a non-debtor entity controlled by Seth Bernstein from which the Debtor "leased" aircraft and to which the Debtor up-streamed revenues.

43.     SMB G-IV III LLC ("SMB GIV III"), on information and belief, a non-debtor entity controlled by Seth Bernstein from which the Debtor "leased" aircraft and to which the Debtor up-streamed revenues.

44.     UJM I LLC ("UJM I"), on information and belief, a non-debtor entity controlled by Seth Bernstein from which the Debtor "leased" aircraft and to which the Debtor up-streamed revenues.

45.     Bernstein Aircraft Sales, LLC ("Bernstein Aircraft"), on information and belief, a non-debtor entity controlled by Seth Bernstein from which the Debtor "leased" aircraft and to which the Debtor up-streamed revenues.

46.     International Markets Live, Inc. ("International Markets"), on information and belief, a non-debtor entity controlled by Seth Bernstein from which the Debtor "leased" aircraft and to which the Debtor up-streamed revenues.

47.     One World Aviation 253 LLC ("One World Aviation 253"), on information and belief, a non-debtor entity that "leased" aircraft to the Debtor.

48.     One World Aviation 118 LLC ("One World Aviation 118"), on information and belief, a non-debtor entity that "leased" aircraft to the Debtor.

49.     One World Aviation 299, LLC on information and belief, a non-debtor entity that "leased" aircraft to the Debtor.

50.     As discovery is ongoing, additional related entities may be identified in the 2004 process.

## JURISDICTION

51.     The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

52.     The predicate for the relief requested in this Application is Rule 2004.

## RELIEF REQUESTED

53.     Movants respectfully request entry of the Order under Rule 2004 permitting examinations of the aforementioned Witnesses and seek related document production in connection with the Debtor's business and, more specifically, with respect to (a) the ownership rights of the Debtor, if any, in the Part 135 Certificate and (b) revenue earned from flights utilizing the Part 135 Certificate.

54.     The document requests contemplated would be substantially in the form annexed hereto as Schedule 1 to Exhibit B with regard to the Part 135 Certificate and substantially in the form annexed hereto as Schedule 1 to Exhibit C with respect to the revenues earned while flying under the Part 135 Certificate.

## BASIS FOR RELIEF REQUESTED

55.     Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Rule 2004(b) provides further that the scope of such examination may relate to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge."  In addition, Rule 2004(c) provides that "the attendance of an entity for examination and for the production of documents . . . may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial."

56.     "The purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred. *In re Almatis*, No. 10-12308, 2010 WL 4877868, at *3 (Bankr. S.D.N.Y. Nov. 24, 2010); *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004).

57.     Discovery under Rule 2004 can be used as a "pre-litigation discovery device." *In re Wilson*, No. 07-11862, 2009 WL 304672, at *5 (Bankr. E.D. La. Feb. 6, 2009). "No contested matter or adversary proceeding need be instituted as a prerequisite to conducting an examination under this rule." *In re Almatis*, 2010 WL 4877868, at *3. Consequently, a Rule 2004 motion need not be tied to specific factual allegations at issue between parties. *In re Symington*, 209 B.R. 678, 683 (Bankr. D. Md. 1997).

58.     Courts consistently emphasize that the scope of a Rule 2004 examination is extremely broad, broader than discovery available under the Federal Rules of Civil Procedure, and can legitimately be in the nature of a "fishing expedition." *In re Washington Mut.*, 408 B.R. at 50 ("The scope of a Rule 2004 examination is unfettered and broad . . . [and] is commonly recognized as more in the nature of a 'fishing expedition.'" (internal citations omitted)); I*n re Hughes*, 281 B.R. 224, 226 (Bankr. S.D.N.Y. 2002) ("[I]t is well settled that the scope of examination allowed under Rule 2004 is broader than discovery allowed under the Federal Rules of Civil Procedure and may be in the nature of a 'fishing expedition.'").

59.     Here, the requested relief is well within the scope of Rule 2004 because it would permit Movants to "determin[e] the nature and extent of the bankruptcy estate, reveal[] assets, examin[e] transactions and assess[] whether wrongdoing has occurred." *In re Almatis*, 2010 WL 4877868, at *3. Specifically, the examination would permit Movants to determine, *inter alia*, (a)

the ownership rights of the Debtor, if any, in the Part 135 Certificate and (b) revenue earned from flights utilizing the Part 135 Certificate.

## NOTICE

60.     Pursuant to this Court's individual rules, "[r]equests for 2004 orders may be submitted *ex parte* but the Court in its discretion may require notice and a hearing."  The Debtor has, nevertheless, provided courtesy copies of the Application by email to the United States Trustee.

61.     No prior Application for the relief sought herein has been made to this or any other court.

WHEREFORE, Movants respectfully request that this Court enter the Order granting the relief requested herein, and granting it such other relief as this Court deems just and proper.

Dated: December 29, 2020
          New York, New York

                                        OFFIT KURMAN, P.A.

                                        By:  /s/ Michael T. Conway
                                             Michael T. Conway
                                             590 Madison Ave., 6th Floor
                                             New York, New York 10022
                                             Tel: 929.476.0041
                                             Fax: 212.545.1656
                                             Michael.Conway@OffitKurman.com

                                             *Counsel for Caliber Jet Charter, LLC
                                             and Nathan Raciborski*

Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____

In re:                                                          Case No: 20-11831-mew

ALL IN JETS SERVICES, LLC d/b/a Jet Ready,                      Chapter 11

                    Debtor,
_____

## ORDER APPLICATION FOR ORDER AUTHORIZING CALIBER JET CHARTER, LLC AND NATHAN RACIBORSKI TO (A) CONDUCT A 2004 EXAMINATION OF WITNESSES; AND (B) SEEK RELATED DOCUMENT PRODUCTION

Upon the Application dated December 29, 2020 of Caliber Jet Charter, LLC and Nathan Raciborski, pursuant to Fed. R. Bankr. P. 9019, *FOR AN ORDER AUTHORIZING CALIBER JET CHARTER, LLC TO (A) CONDUCT A 2004 EXAMINATION OF WITNESSES; AND (B) SEEK RELATED DOCUMENT PRODUCTION* (the "Application"); and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and the relief requested in the Application being in the best interests of the Debtor's estate and creditors; and the Court having reviewed the Application and all responses; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted therein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is

**ORDERED** that the Application is GRANTED; and it is further

**ORDERED** that the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____
            New York, New York

                                              _____
                                              The Honorable Michael E. Wiles
                                              United States Bankruptcy Judge

1

Exhibit B

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re ALL IN JETS SERVICES, LLC d/b/a Jet Ready,  
                             Debtor

Case No. 20-11831-mew

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: _____

*(Name of person to whom the subpoena is directed)*

[x] *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Offit Kurman, P.A., 590 Madison Avenue, 6th Floor, New York, NY 10022 | |

The examination will be recorded by this method: ___stenographically_____

[x] *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

      See Schedule 1, attached

      The following provisions of **Fed. R. Civ. P. 45**, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

             CLERK OF COURT

                                OR

     _____       _____  
     *Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____ , who issues or requests this subpoena, are:

_____

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

<u>**SCHEDULE 1**</u>

<u>**DEFINITIONS**</u>

A.     The Uniform Definitions of the Local Bankruptcy Rules of the Southern District of New York, Local Rule 7026-1, are incorporated by reference herein. The additional terms used herein shall have the meanings ascribed to them in the definitions set forth below.

B.     The term or "You," or "Your" refers to _____, and any agent or an individual or company otherwise acting on Your behalf.

C.     The  "Debtor" as used herein means All In Jets, LLC d/b/a Jet Ready.

D.     "Part 135 Certificate" as used herein means any 14 CFR Part 135 Air Carrier and Operator Certificate used purported owned by the Debtor.

E.      "Books and Records" as used herein means the books and records associated with the Part 135 Certificate.

F.      "FAA" as used herein means the Federal Aviation Administration.

G.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) in person or otherwise and includes documents reflecting or embodying the transmittal of information.

H.     "Including" means including but not limited to.

I.     The words, "he," or "his," or "it," applies to both male and female.  Words used in the singular are also to be construed in the plural where appropriate.

J.     To "identify" or to "state the identity of" an individual means to state the person's full name; present position and business affiliation, if known; the length of time during which the person has occupied that position or had the affiliation; past business affiliations, if any, with any party to the above-captioned case; and the person's age, present home address and telephone

number.

K.　　To "identify" or to "state the identity of" a business entity means to state the entity's legal name; the names under which it does business; its form (proprietorship, corporation, etc.); identification of its principal proprietors, officers or shareholders; its present address; and its relationship, if any, to any party to the above-captioned case.

## **INSTRUCTIONS**

L.　　You are requested to produce not only those documents in Your possession, custody or control, but also those documents in the possession, custody or control of Your present or former employees, representatives, affiliates, attorneys, insurers, agents or other persons acting or purporting to act on Your behalf as well as those documents in the possession, custody or control of entities that You, directly or indirectly, control, manage or in which You are a principal or have an equity interest.

M.　　Each Request for the production of documents shall be deemed to be continuing in nature.  If at any time additional documents come into Your possession, custody or control or are brought to Your attention, prompt supplementation of Your response to these Requests is required.

N.　　For each document requested herein that is withheld from production on the ground of privilege, furnish the following: (i) the type of document (i.e., letter, memorandum, etc.) or some other means of identifying it; (ii) its subject matter (specific enough to enable a determination to be made concerning the propriety of the assertion of the privilege); (iii) its date; (iv) its author(s), all addressee(s) and recipient(s) as well as all persons who have viewed or possessed the document; (v) its present location; and (vi) the claim of privilege with respect thereto.

O.　　To the extent a document is sought herein and such document was, but is no longer in Your possession or custody, or subject to Your control, or in existence, state whether it (i) is

missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily to others, or (iv) has been otherwise disposed of and, in each instance, explain the circumstances surrounding, and authorization for, such disposition thereof; state the date or approximate date thereof; the contents of said document; and the person(s) who authorized, requested or performed the transfer, destruction or other disposition of each document.  In addition, for each such document furnish the following: (i) the type of document (i.e., letter, memorandum, etc.) or some other means of identifying it; (ii) its subject matter; (iii) its date; and (iv) its author(s), all addressee(s) and recipient(s) as well as all persons who have viewed or possessed the document. Documents prepared prior to, but which relate or refer to, the time period covered by these Requests are to be identified.

P.      Consistent with the applicable Rules, You shall produce all documents in the manner in which they are maintained in the usual course of Your business and/or You shall organize and label the documents to correspond with the categories in these Requests.  A Request for a document shall be deemed to include a Request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.

Q.      If and to the extent documents are maintained in a database or other electronic format, You shall produce along with the document(s) software that will enable access to the document(s) as You would access such document(s) in the ordinary course of Your business or if the documents are not used in the ordinary course of Your business, You shall produce software that will enable the document(s) to be understood.

R.      Documents attached to each other should not be separated.

S.      Documents are to be produced in full, unredacted, and unexpurgated form.

T.    Documents not otherwise responsive to these Requests shall be produced if such documents mention, discuss, refer to, or explain the documents which are called for by these Requests.

U.    The fact that a document is produced by another party does not relieve You of the obligation to produce Your copy of the same document, even if the two documents are identical.

V.    If You object to any part of any Request, You shall state fully the nature of and reason for the objection.  Notwithstanding any objections, You shall nonetheless comply fully with the other parts of the Request not objected to.

W.    If You respond that there are no responsive documents to a Request or a part of a Request, You shall (i) state in writing that You conducted a good faith search for the requested documents; (ii) describe the extent of the search; and (iii) state that, based on the search, there are no requested documents in Your possession, custody, or control and no requested documents in the possession, custody or control of any entities encompassed by Instruction No. 1.

X.    Each Request shall be construed independently and not with reference to any other Request for the purpose of limitation.

Y.    This Notice for Production of Documents imposes a continuing duty to supplement consistent with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

Z.    Unless stated otherwise, the relevant time period for these Requests shall be January 1, 2014 to present.

## DOCUMENTS REQUESTED

1.    All documents, including, but not limited to, correspondence, text messages and emails,  between You and K. James Zinkan.

2.  All documents, including, but not limited to, correspondence, text messages and emails, between You and John DePalma.

3.  All documents, including, but not limited to, correspondence, text messages and emails, between You and any third party regarding the Part 135 Certificate.

4.  All documents, including, but not limited to, correspondence, text messages and emails, between You and any third party regarding Zinkan Aviation.

5.  All documents regarding the formation of All In Jets, LLC.

6.  All documents, including, but not limited to, correspondence, text messages and emails, between you and any third party regarding the sale of All In Jets, LLC, in or around 2018.

7.  All corporate documents in your possession regarding Caliber Jet Charter, LLC or Caliber Jet, LLC.

8.  All documents, including, but not limited to, correspondence, text messages and emails, between You and the FAA regarding the Part 135 Certificate.

9.  All documents, including, but not limited to, correspondence, text messages and emails, between You and the FAA regarding All In Jets, LLC.

Exhibit C

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re ALL IN JETS SERVICES, LLC d/b/a Jet Ready,
Debtor

Case No. 20-11831-mew

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: _____

*(Name of person to whom the subpoena is directed)*

[x] *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Offit Kurman, P.A., 590 Madison Avenue, 6th Floor, New York, NY 10022 | |

The examination will be recorded by this method: ___stenographically_____

[x] *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

      See Schedule 1, attached

      The following provisions of **Fed. R. Civ. P. 45**, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

             CLERK OF COURT

                             OR

_____     _____
 *Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____ , who issues or requests this subpoena, are:

_____

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# SCHEDULE 1

## DEFINITIONS

A.      The Uniform Definitions of the Local Bankruptcy Rules of the Southern District of New York, Local Rule 7026-1, are incorporated by reference herein. The additional terms used herein shall have the meanings ascribed to them in the definitions set forth below.

B.      The term or "You," or "Your" refers to _____, and any agent or an individual or company otherwise acting on Your behalf.

C.      The  "Debtor" as used herein means All In Jets, LLC d/b/a Jet Ready.

D.      "Part 135 Certificate" as used herein means any 14 CFR Part 135 Air Carrier and Operator Certificate used purported owned by the Debtor.

E.       "Books and Records" as used herein means the books and records associated with the Part 135 Certificate.

F.       "FAA" as used herein means the Federal Aviation Administration.

G.       "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) in person or otherwise and includes documents reflecting or embodying the transmittal of information.

H.      "Including" means including but not limited to.

I.      The words, "he," or "his," or "it," applies to both male and female.  Words used in the singular are also to be construed in the plural where appropriate.

J.      To "identify" or to "state the identity of" an individual means to state the person's full name; present position and business affiliation, if known; the length of time during which the person has occupied that position or had the affiliation; past business affiliations, if any, with any party to the above-captioned case; and the person's age, present home address and telephone

number.

K.      To "identify" or to "state the identity of" a business entity means to state the entity's legal name; the names under which it does business; its form (proprietorship, corporation, etc.); identification of its principal proprietors, officers or shareholders; its present address; and its relationship, if any, to any party to the above-captioned case.

## INSTRUCTIONS

L.      You are requested to produce not only those documents in Your possession, custody or control, but also those documents in the possession, custody or control of Your present or former employees, representatives, affiliates, attorneys, insurers, agents or other persons acting or purporting to act on Your behalf as well as those documents in the possession, custody or control of entities that You, directly or indirectly, control, manage or in which You are a principal or have an equity interest.

M.      Each Request for the production of documents shall be deemed to be continuing in nature.  If at any time additional documents come into Your possession, custody or control or are brought to Your attention, prompt supplementation of Your response to these Requests is required.

N.      For each document requested herein that is withheld from production on the ground of privilege, furnish the following: (i) the type of document (i.e., letter, memorandum, etc.) or some other means of identifying it; (ii) its subject matter (specific enough to enable a determination to be made concerning the propriety of the assertion of the privilege); (iii) its date; (iv) its author(s), all addressee(s) and recipient(s) as well as all persons who have viewed or possessed the document; (v) its present location; and (vi) the claim of privilege with respect thereto.

O.      To the extent a document is sought herein and such document was, but is no longer in Your possession or custody, or subject to Your control, or in existence, state whether it (i) is

missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily to others, or (iv) has been otherwise disposed of and, in each instance, explain the circumstances surrounding, and authorization for, such disposition thereof; state the date or approximate date thereof; the contents of said document; and the person(s) who authorized, requested or performed the transfer, destruction or other disposition of each document.   In addition, for each such document furnish the following: (i) the type of document (i.e., letter, memorandum, etc.) or some other means of identifying it; (ii) its subject matter; (iii) its date; and (iv) its author(s), all addressee(s) and recipient(s) as well as all persons who have viewed or possessed the document. Documents prepared prior to, but which relate or refer to, the time period covered by these Requests are to be identified.

P.      Consistent with the applicable Rules, You shall produce all documents in the manner in which they are maintained in the usual course of Your business and/or You shall organize and label the documents to correspond with the categories in these Requests.  A Request for a document shall be deemed to include a Request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.

Q.      If and to the extent documents are maintained in a database or other electronic format, You shall produce along with the document(s) software that will enable access to the document(s) as You would access such document(s) in the ordinary course of Your business or if the documents are not used in the ordinary course of Your business, You shall produce software that will enable the document(s) to be understood.

R.      Documents attached to each other should not be separated.

S.      Documents are to be produced in full, unredacted, and unexpurgated form.

T.    Documents not otherwise responsive to these Requests shall be produced if such documents mention, discuss, refer to, or explain the documents which are called for by these Requests.

U.    The fact that a document is produced by another party does not relieve You of the obligation to produce Your copy of the same document, even if the two documents are identical.

V.    If You object to any part of any Request, You shall state fully the nature of and reason for the objection.  Notwithstanding any objections, You shall nonetheless comply fully with the other parts of the Request not objected to.

W.    If You respond that there are no responsive documents to a Request or a part of a Request, You shall (i) state in writing that You conducted a good faith search for the requested documents; (ii) describe the extent of the search; and (iii) state that, based on the search, there are no requested documents in Your possession, custody, or control and no requested documents in the possession, custody or control of any entities encompassed by Instruction No. 1.

X.    Each Request shall be construed independently and not with reference to any other Request for the purpose of limitation.

Y.    This Notice for Production of Documents imposes a continuing duty to supplement consistent with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

Z.    Unless stated otherwise, the relevant time period for these Requests shall be January 1, 2014 to present.

## DOCUMENTS REQUESTED

1.    All documents, including, but not limited to, correspondence, text messages and emails,  relating to each of the following categories for each flight You operated under the Part

135 Certificate:

(a)      Communication of any sort with the FAA;

(b)      Miles flown;

(c)      Flight hours;

(d)      Flight legs;

(e)      Dead legs;

(f)      Flight Revenue per flight leg;

(g)      Additional Charges per flight leg;

(h)      Passenger Manifest;

(i)      Fuel consumed;

(j)      Approved versus actual passenger headcount (actual vs. contract);

(k)      Freight transported by description and weight;

(l)      Referral arrangements and fee sharing arrangements;

(m)      Engine Maintenance contracts (Power by the Hour);

(n)      Avionics Maintenance contracts;

(o)      Flight contracts with the public;

(p)      Management fees;

(q)      Management Agreements;

(r)      Lease agreements or arrangements;

(s)      Advertising Materials, solicitations or communications;

(t)      Owner personal use hours, rate charges and description of trip flown;

(u)      Brokers used with commission paid;

(v)      Broker agreements;

(w)     Human Resource costs, direct and indirect;

(x)     Scheduled and unscheduled maintenance;

(y)     Fuel costs;

(z)     Training and development costs;

(aa)    Crew travel expense;

(bb)    Insurance coverage and costs;

(cc)    Financing costs;

(dd)    Pro Forma Financial Predictions;

(ee)    Business Plans;

(ff)    Financing Packages submitted or intended to be submitted to financial institutions or partners;

(gg)    Income generated from ancillary services such as catering, ground transportation, etc.;

(hh)    Related business profiting from use of the certificate;

(ii)    Marketing and advertising opportunities created by corporate aircraft;

(jj)    Pre-Paid contracts for service;

(kk)    Barter arrangements;

(ll)    The identity of current and former accounting firms with any of the above information; and

(mm)   The identity of current and former law firms with any of the above information.