| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**SOUTHERN DISTRICT OF NEW YORK**<br><br>**CIARDI CIARDI & ASTIN**<br>Albert A. Ciardi, III, Esquire<br>Jennifer C. McEntee, Esquire<br>1905 Spruce Street<br>Philadelphia, PA 19103<br>(215) 557-3550<br><br>In re:<br><br><br>**All In Jets, LLC d/b/a JetReady,**<br><br>              **Debtor.** | Case No. 20-11831<br><br>Judge: Michael E. Wiles<br><br><br>Chapter 11, Subchapter V<br>Small Business Debtor<br>Reorganization |

**ORDER: (A) APPROVING STALKING HORSE BID, SALE AND BIDDING PROCEDURES; (B) SCHEDULING THE BID DEADLINES AND THE AUCTION; (C) APPROVING THE FORM AND MANNER OF NOTICE THEREOF; (D) SCHEDULING HEARINGS ON FINAL APPROVAL OF SALE TO THE WINNING BIDDER; AND (E) GRANTING RELATED RELIEF**

---

**UPON** the motion (the "Motion") of the above captioned debtor and debtor-in-possession (the "Debtor") for the entry of an order (this "Order"): (I) Authorizing and approving stalking horse bid and the bidding procedures attached hereto as **Exhibit A** (the "Bidding Procedures") in connection with the Proposed Sale of Substantially All Assets of the Debtor Outside the Ordinary Course of Business Free and Clear of all Liens, Claim, Encumbrances and Other Interests; (II) approving Stalking Horse Bid Protections; (III) establishing Bid Deadlines and the date of the Auction, if any; (IV) approving the manner of notice of the Sale and Auction, if any; (V) scheduling subsequent hearings to give final approval of the Sale to the Winning Bidder/Buyer; and (VI) granting related relief as more fully set forth in the Motion;

**AND UPON** receipt and review of objections to the Motion as well as oral argument on January 27, 2021, February 4, 2021 and February 12, 2021, including without limitation that objection of Caliber Jet Charters LLC ("Caliber") and Nathan Raciborski that the Assets proposed to be sold belong to Caliber (the "Ownership Dispute"), which objection was withdrawn based upon the determination by this Court that the proceeds of the sale contemplated in the Motion will be held in trust pending a resolution of the Ownership Dispute; this Court having jurisdiction and the power to enter a final order pursuant to Article III of the United States Constitution, and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409 and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at the hearings held on January 27, 2021 , February 4, 2021 and February 12, 2021 before this Court (the "Hearings"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearings establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS THAT:**

1.      The Debtor has articulated good and sufficient reasons for authorizing and approving the Sale and Bidding Procedures, which are fair, reasonable, and appropriate under the circumstances and designed to maximize the recovery on, and realizable value of, the Purchased Assets, including with respect to the proposed

procedures for providing Bid Protections as determined by the Debtor in an exercise of its business judgment.

2.      The Stalking Horse Bidder is a bona fide purchaser, is not an insider, and has entered into the Stalking Horse Contract with the Debtor as the result of a good faith, arms-length transaction. Therefore, the Stalking Horse Bidder is entitled to the protections afforded to such good faith purchasers under section 363(m) of the Bankruptcy Code as may be ultimately approved in a Order Approving the Sale of the Purchased Assets. The Stalking Horse Bid is approved, subject to the Auction and further findings at the Sale Hearing. If no other bids are made or considered by the Court, the Debtor may close with Stalking Horse Bidder after the entry of the Sale Order.

3.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the preceding findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the preceding conclusions of law constitute findings of fact, they are adopted as such.

**IT IS HEREBY ORDERED THAT:**

4.      The Motion is granted as set forth herein and the Stalking Horse Bid is approved subject a determination of whether there are any higher or better offers

5.      All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled prior to or at the Hearing are overruled.

**BE IT FURTHER ORDERED THAT** the following dates and deadlines shall constitute the Schedule in this Case:

### Important Dates and Deadlines

6.     **Overbid Deadline**: <u>March 2, 2021 at 5:00 PM (EST)</u> is the deadline by which all competitive bidders must submit their proof of funds to close, Bidder Agreements, cash deposits, and qualified bids so that they are actually received by the Debtor.

7.     **Notification of Qualified Bidders**: <u>March 3, 2021, at 5:00 PM (EST)</u> is the date and time for the Debtor to announce which bidders are considered Qualified Bidders entitled to participate in the Auction in compliance with the Sale and Bid Procedures set forth herein.

8.     **Auction**.  <u>March 4, 2021 at 10:00AM (EST)</u> is the date when the Debtor will conduct an auction via Zoom with the Stalking Horse Bidder and any Qualified Bidders.  On or before March 8, 2021 at 12:00 Noon, the Debtor shall file with the court a Notice of Winning Bid.    The Debtor shall file a report with the Court certifying the results of the auction on <u>March 8, 2021</u> and, if any bidder was not qualified, the reasons for the non-qualification.  Further, the Debtor shall advise all non-qualified bidders that each may appear and be heard at the Sale Hearing.

9.     **Deadline to Object to Sale**: <u>March 11, 2021, at 12:00 PM (EST)</u> is the deadline by which all interested parties may serve the Debtor or Debtor's counsel with objections to the Debtor's Motion for Final Approval of Sale to the Winning Bidder so that each and every such objection, if any, are actually received by the Debtor or Debtor's counsel.

10. **Sale Hearing:** <u>March 17, 2021, at 10:00 AM (EST)</u> is the date and time set for the hearing on the Debtor's Motion for Final Approval of Sale to the Winning Bidder. The Debtor at the Sale Hearing will also seek a waiver of the Rule 6004(h) stay.

## BE IT FURTHER ORDERED THAT:

### Sale and Bidding Procedures, Sale Notice, and Related Relief

11. The Sale and Bidding Procedures, substantially in the form attached hereto as **<u>Exhibit A</u>**, are incorporated herein and are hereby approved in their entirety, and the Bidding Procedures shall govern the submission, receipt, and analysis of all Bids relating to the Proposed Sale. Any party desiring to submit a Bid shall comply with the Sale and Bidding Procedures and this Order. The Debtor is authorized to take any and all actions necessary to implement the Sale and Bidding Procedures.

12. The Bid Protections are approved on the terms set forth in the Sale and Bidding Procedures as an exercise of their business judgment, without further notice to parties in interest, or action or order by the Court.

13. No person or entity shall be entitled to any expense reimbursement, break-up fees, or other similar fee or payment, and by submitting a bid, such person or entity is deemed to have waived their right to request or to file with this Court any request for expense reimbursement or fee of any nature, whether by virtue of Bankruptcy Code section 503(b) or otherwise.

14. Any deposit provided by a Qualified Bidder shall be held in escrow by the Debtor or its agent(s) and shall not become property of the Debtor's bankruptcy estate unless and until such deposit be released from escrow to the Debtor pursuant to the terms of the applicable asset purchase agreement or order of this Court.

15.       Notwithstanding the requirements of section 363(k) of the Bankruptcy Code, no credit bidding shall be permitted as part of the Sale and Bidding Procedures.

16.       The Debtor shall conduct an auction of the Assets via zoom to the extent there are Qualified Bidders in addition to the Stalking Horse Bidder on March 4, 2021 at 10:00 am with instructions to be provided to Qualified Bidders in advance.

17.       The Sale Notice, substantially in the form attached hereto as **Exhibit B** is hereby approved and shall be served on all creditors, parties in interest and published in the appropriate trade journals, including without limitation Aviation International News ("AIN") with a request that it be included in the "AIN Alerts," at least ten days before the Bid Deadline. The Debtor shall file an affidavit describing the method of such publication prior to the Sale Hearing.

18.       The notice served by the Debtor of the Proposed Sale provided by the Sale Notice is hereby deemed adequate pursuant to Federal Rule of Bankruptcy Procedure 2002 and Local Rule 2002-1.

## Miscellaneous

19.       The failure to include or reference a particular provision of the Bidding Procedures specifically in this Order shall not diminish or impair the effectiveness or enforceability of such a provision.

20.       In the event of any inconsistencies between this Order and the Motion and/or the Sale and Bidding Procedures, this Order shall govern.

21.       Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local

Rules are satisfied by such notice.

22.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

23.     The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

24.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: New York, New York
      February 16, 2021

                        /s/ Michael E. Wiles
                        **UNITED STATES BANKRUPTCY JUDGE**

<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**CIARDI CIARDI & ASTIN**
Albert A. Ciardi, III, Esquire
Jennifer C. McEntee, Esquire
1905 Spruce Street
Philadelphia, PA 19103
(215) 557-3550

In re:


**All In Jets, LLC d/b/a JetReady,**


              **Debtor.**

</td><td>

Case No. 20-11831


Judge: Michael E. Wiles


Chapter 11, Subchapter V
Small Business Debtor
Reorganization

</td></tr>
</table>

### BIDDING PROCEDURES FOR THE SUBMISSION, RECEIPT, AND ANALYSIS OF BIDS IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL ASSETS OF THE DEBTOR

On August 9, 2020, the above-captioned debtor and debtor in possession (the "Debtor") filed a voluntary petition for relief under subchapter V, chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

On December 21, 2020, the Debtor filed a motion (the "Sale Motion") seeking approval of these sale and bidding procedures (the "Sale and Bidding Procedures") and requesting that the Court set forth certain dates and deadlines related to the Sale and Bidding Procedures, and scheduling hearings on confirmation of the First Amended Plan and final approval of the sale of the Purchased Assets to the Winning Bidder.

Prior to the Sale Hearing, defined *infra*, the Debtor will file its First Amended Plan of Reorganization (the "First Amended Plan") [ECF Doc. No. ##].

On January 27, 2021, the Court held an initial hearing on the Sale Motion, considered objections to the Sale Motion, and adjourned the hearing to February 4, 2021 and then adjourned to February 12, 2021.

Subsequent to the February 12, 2021 continued hearing on the Sale Motion, the Bankruptcy Court entered an order [ECF Doc. No. ##] (the "Bidding Procedures Order")[1] approving, among other things, these Sale and Bidding Procedures. The Sale Motion and Bidding Procedures set forth the process by which the Debtor is authorized to solicit and accept the highest or otherwise best bid for the purchase of substantially all assets of the Debtor (the "Purchased Assets"), free and clear of all liens, claims, encumbrances and other interests. Pursuant to the Bidding Procedures Order, the Debtor has received authorization from the Bankruptcy Court to employ the procedures set forth herein for consideration of Qualified bids for purchase of substantially all of the assets of the Debtor (the "**Assets**"); establishing deadlines and certain criteria for submitting Qualified Bids; the selection of Aviate Jet Group, LLC (the "**Purchaser**") as Stalking Horse Bidder; approval of bidding protections and bidding requirements; and the scheduling of the Auction and Sale Hearing.

In addition, the Bankruptcy Court scheduled a hearing for Final Approval of the Sale of Substantially All Assets of the Debtor to the Winning Bidder on March 17, 2021, at 10:00 AM (EST).

The Debtor shall provide by e-mail; facsimile and/or U.S. Mail written notice of the Auction, the Bidding Procedures, and the Sale Hearing within one (1) business day from the entry of order approving the Bidding Procedures Order to: (a) those persons who in any way were in contact with the Debtor or any of its representatives regarding the sale of the Assets; (b) those persons who the Debtor has reason to believe may possess an interest in purchasing the Assets; (c)

---

[1] In the event of any discrepancy between the terms of this Notice and the terms of the Bid Procedures Order, the Bid Procedures Order shall govern and control.

the U.S. Trustee; (d) counsel to the Purchaser; (e) the Internal Revenue Service; (f) parties to executory contacts and leases with the Debtor; (g) all other parties who have filed a notice of appearance; (h) all other creditors; (i) the Sub-Chapter V Trustee; and (j) all potential purchasers of the Assets that made inquiries during the solicitation process.

## STALKING HORSE BID

1.      The Debtor has been authorized to use the Asset Purchase Agreement  (the "APA") submitted prior to the Order Approving Bidding Procedures at D.I. 71 as the stalking horse bid (the "Stalking Horse Bid"), making the Purchaser the "Stalking Horse Bidder."

2.      Pursuant to the APA, the Purchaser proposes to pay $600,000 in cash in exchange for the Assets with the $600,000 purchase price paid as follows: $50,000 paid at closing from the deposit ("Initial Payment") and  a $550,000 unsecured promissory note  with the first monthly payment of $50,000 due six months after closing and then monthly payments sufficient to amortize the remaining $500,000 over 18 months at 3% interest.  The Initial Payment shall be funded from the Deposit as defined *infra.*

## ELIGIBILITY TO MAKE BIDS

3.      Any person who wishes to participate in a Qualified bidding process for the purchase of the Assets (the "**Auction**"), must satisfy the requirements set forth below to become a Qualified Bidder (defined below).  Neither the Debtor nor the Court shall consider bids that are not proposed by a Qualified Bidder.

# PARTICIPATION REQUIREMENTS

4.     A person may be qualified to participate in the Auction ("Qualified Bidder") if by the bid deadline of **March 2, 2021** (the "**Bid Deadline**"), the following are provided:

(a)     A deposit of $50,000.00 (the "**Deposit**") payable by bank cashier's check or wire transfer into the non-interest bearing escrow account of Ciardi Ciardi & Astin along with the EIN or other tax identification number of the bidding person or entity;

(b)     An executed asset purchase agreement and a redline version showing changes from the APA at D.I. _____.  Any competing bid must not contain any contingencies to the validity, effectiveness and/or binding nature of the offer, including without limitation, contingencies for financing, due diligence or inspection ( a WORD version of the Amended APA is available from Debtor's counsel);

(c)     The amount the person is willing to pay for the Assets, (the "**Initial Bid**").  The Debtor and the Court will consider higher OR better offers; and

(d)     Reasonable financial information from which the Debtor can assess the financial wherewithal and sophistication of the bidder to close on the Sale in the event that the bidder is the Successful Bidder. Such information mayinclude, financial statements, bank account statements or other documents of such entity (including information on any third-party funding required to consummate and perform under the Asset Purchase Agreement) establishing such entities financial wherewithal to timely close the transactions contemplated thereunder.

(e)     A letter setting forth the identity of the Potential Bidder, the contact information for such Potential Bidder, and full disclosure of all parties participating with the Potential Bidder, as well as full disclosure of any prepetition and postpetition affiliation that the Potential Bidder may have with (i) the Debtor, (ii) Debtor's affiliates, (iii)  creditors of the Debtor, (iv) equity security holders of the Debtor, and (v) any of the Debtor's current or former officers or directors or other insiders; and

(f)     An executed letter acknowledging receipt of a copy of the Bidding Procedures and agreeing to accept and be bound by the provisions contained therein.

(collectively, the "**Qualifying Bid Packet**").  The Qualifying Bid Packet must be delivered with the items described above no later than **5:00 p.m. E.S.T. on March 2, 2021** to:

Albert A. Ciardi, III, Esq., Jennifer C. McEntee, Esq., Ciardi Ciardi & Astin, 1905 Spruce Street, Philadelphia, Pennsylvania 19103, (215) 557-3550, Aciardi@ciardilaw.com; Jcranston@ciardilaw.com

Yann Geron, Geron Legal Advisors, LLC, Sub Chapter 5 Trustee, 370 Lexington Avenue, Suite 1101, New York New York 10017, (646) 560-3324 ygeron@geronlegaladvisors.com

5.     **Purpose.** Each bid submitted by a Qualified Bidder must state that the Bid includes an offer to purchase all of the Purchased Assets as that term is defined in the APA.

6. **Purchase Price.** Each Bid must clearly set forth the purchase price to be paid for the Assets (the "Purchase Price") and must (a) indicate the source of cash consideration, including funding commitments, and confirm that such consideration is not subject to any contingencies, and (b) identify separately the cash and non-cash components of the Purchase Price. The Bid should include detailed sources and use schedules.

7.     **Firm Offers.** All bids shall be "firm offers" and shall not contain any contingencies to the validity, effectiveness, and/or binding nature of the offer, including, without limitation, contingencies for financing, due diligence or inspection except for the conditions to closing provided for in this Agreement unless agreed to by the Premises in writing.

8.     **Good Faith Offer**. Each Bid must constitute a good faith, bona fide offer to purchase the Assets.

9.     **No Contingencies**. A Bid must not be conditioned on any contingency, including, among others, on obtaining any of the following (a) financing, (b) shareholder, board of directors, or other approval.

10.     **Binding and Irrevocable**.  An Acceptable Bidder's Bid must be irrevocable unless and until the Debtor accepts a higher Bid and such Acceptable Bidder is not selected as the Back-Up Bidder (as defined herein)**.**

11.     **Authorization**. Each Bid must contain evidence that the Acceptable Bidder has obtained authorization or approval from its board of directors (or a comparable governing body acceptable to the Debtor) with respect to the submission of its Bid and the consummation of the transactions contemplated in such Bid.

12.     **No Fees**. Each Acceptable Bidder presenting a Bid or Bids will bear its own costs and expenses (including legal fees) in connection with the proposed transaction, and by submitting its Bid is agreeing to refrain from and waive any assertion or request for reimbursement on any basis, including under section 503(b) of the Bankruptcy Code.

13.     **Adherence to Bidding Procedures**. By submitting its Bid, each Acceptable Bidder is agreeing to abide by and honor the terms of these Bidding Procedures and agrees not to submit a Bid or seek to reopen the Auction after conclusion of the Auction.

14.     **Consent to Jurisdiction**. The Acceptable Bidder must submit to the jurisdiction of the Bankruptcy Court and waive any right to a jury trial in connection with any disputes relating to the Debtor's qualification of Bids, the Auction, the construction and enforcement of these Bidding Procedures, the Plan, the Sale documents, and the Closing, as applicable.

## EVALUATION OF QUALIFIED BIDS

15.     Prior to the Auction, the Debtor and its advisors will evaluate Qualified Bids and identify the Qualified Bid that is, in the Debtor's reasonable business judgment, the highest or otherwise best Bid (the "Initial Minimum Overbid"). In making such determination, the Debtor will consider, among other things, the execution risk attendant to any submitted Bids. Within 24 hours of such determination, but in no event later than 5:00 p.m. on March 3, 2021, the Debtor will

(1) notify the Stalking Horse Bidders as to which Qualified Bid is the Initial Minimum Overbid and (2) distribute copies of the Initial Minimum Overbid to each Qualified Bidder who has submitted a Qualified Bid and the Consultation Parties.  This requirement is waived in the event that there are no Qualified Bids.  The Debtor shall notify all Qualified Bidders, no later than **5:00 p.m. E.S.T. on March 3, 2021** that they may participate in the Auction.  To the extent the Debtor has determined a bidder is not qualified, the Debtor shall include the basis for that determination in the Auction Report field with the Court and notify the unqualified bidder of the Sale Hearing and that the unqualified bidder may appear and be heard at the Sale Hearing.

16.     If any Bid is determined by the Debtor not to be a Qualified Bid, the Debtor will refund such Acceptable Bidder's Good Faith Deposit on or within ten business days after the Bid Deadline.

17.     A Qualified Bid will be valued based upon the following factors: (a) the purported amount of the Qualified Bid, including any benefit to the Debtor's bankruptcy estate from any assumption of liabilities of the Debtor; (b) the ability to close the proposed sale transaction without delay and within the time frames contemplated by the APA; and (c) any other factors the Debtor may deem relevant.

18.     The Debtor shall file and serve upon all interested parties entitled to receive notice, including the holders of qualified bids (the "**Qualified Bids**"), fully executed copies of the Qualified Bids to be considered at the Auction no later than **March 3, 2021** (the "**Qualified Bid Summary**").  This requirement is waived in the event that there are no Qualified Bids.  The Debtor shall notify all Qualified Bidders, no later than **5:00 p.m. E.S.T. on March 3, 2021**, that they may participate in the Auction.

## NO QUALIFIED BIDS

19.     If no Qualified Bids are received by the Bid Deadline, then the Stalking Horse Bidder will be deemed and announced the Winning Bidder. At the Sale hearing the Debtor will request that the Bankruptcy Court enter an order approving the Sale of the Purchased Assets to the Winning Bidder on a final basis.

## THE AUCTION

20.     In the event that there are one or more Qualified Bidders on or before the Bid Deadline, then the Debtor shall conduct the Auction on <u>March 4, 2021 at 10:00 AM (EST)</u> by zoom and report the results at the Sale Hearing along with the Debtor's recommended highest and best bid, the results of all bidding and the identity and reason why the Debtor determined any potential bidder to be unqualified on or before March 8, 2021.

21.     The Auction shall be conducted by the Debtor and shall be a forum in which the Qualified Bidders may make competing bids to purchase the Assets, with minimum bid increments of $10,000.00.  The Auction shall conclude when the Debtor receives what is determined by the Debtor to be the highest and best offer to purchase the Assets (the "**Successful Bid**").  The Debtor may also identify an acceptable Back-Up Bid subject to the Back Up Bidder consenting to keep its offer open and deposit in escrow.

22.     Except as otherwise stated herein, each Deposit shall be maintained in a **non-interest** bearing account and subject to the jurisdiction of this Court.  Within five (5) business days from the entry of an order approving the Sale, the Debtor shall return all Deposits to all Qualified Bidders except the Successful Bidder and the person determined by the Court to serve as the Back-Up Bidder (the "**Back-Up Bidder**"), whose Deposit shall be applied by the Debtor against the purchase price at the closing.  In the event that the Successful Bidder closes the Sale, the Debtor

shall return the Back-Up Bidder's Deposit within five (5) business days from the closing. In the event the Back-Up Bidder closes on the purchase of the Assets, its Deposit shall be applied by the Debtor against the purchase price.

23.     All Qualified Bidders and the Purchaser shall be deemed to have consented to the core jurisdiction of this Court and to have waived any right to a jury trial in connection with any disputes relating to the Auction and/or the Sale. All asset purchase agreements shall be governed by and construed in accordance with the laws of the State of New York. All Qualified Bidders and the Purchaser shall be bound by their bids until conclusion of the Auction. If the Successful Bidder is unable or unwilling to close the Sale, the Successful Bidder shall forfeit its Deposit to the Debtor and the Debtor shall close the Sale with the Back-Up Bidder, without further notice or hearing, who shall then be obligated to close the Sale on the terms of the Back-Up Bid and the corresponding Bidder's asset purchase agreement no later than five (5) days thereafter. If the Back-Up Bidder, if any, is unable or unwilling to close the Sale in the time permitted, the Back-Up Bidder shall forfeit its Deposit to the Debtor. Any parties raising a dispute relating to these Bidding Procedures must request that such dispute be heard by the Bankruptcy Court on an expedited basis.

## HEARING ON FINAL APPROVAL OF THE SALE OF THE PURCHASED ASSETS TO THE WINNING BIDDER

24.     A hearing before the Bankruptcy Court to consider final approval of the Sale of the Purchased Assets to the Winning Bidder, pursuant to which the Debtor and the Winning Bidder or Winning Bidders will consummate the Sale, shall be conducted on March 17, 2021 at 10:00 AM (EST) before the Honorable Michael E. Wiles, United States Bankruptcy Judge for the Bankruptcy Court for the Southern District of New York at One Bowling Green, New York, New York 10004. At the Sale Hearing the Court may consider the amount, structure and security for any bid in determining the highest or best bid which will be approved as the Winning Bidder.

## RESERVATION OF RIGHTS

25.     The Debtor reserves its rights, to modify these Bidding Procedures in good faith, to further the goal of attaining the highest or otherwise best offer for the Assets, or impose, at or prior to the Auction, additional customary terms and conditions on the Sale of the Assets. The Debtor shall provide notice of any such modification to any Qualified Bidder, including any Stalking Horse Bidders.

<table>
<tr>
<td>

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**CIARDI CIARDI & ASTIN**
Albert A. Ciardi, III, Esquire
Jennifer C. McEntee, Esquire
1905 Spruce Street
Philadelphia, PA 19103
(215) 557-3550

In re:


**All In Jets, LLC d/b/a JetReady,**


            **Debtor.**

</td>
<td>

Case No. 20-11831


Judge: Michael E. Wiles


Chapter 11, Subchapter V
Small Business Debtor
Reorganization

</td>
</tr>
</table>

## NOTICE OF PROPOSED SALE AND BIDDING PROCEDURES

      **PLEASE TAKE NOTICE** that the above-captioned debtor and debtor in possession (the "Debtor") filed a voluntary petition for relief under subchapter V, chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on August 9, 2020 (the "Petition Date").

      **PLEASE TAKE FURTHER NOTICE** that on December 21, 2020, the Debtor filed the Motion for Entry of an Order: (A) Authorizing the Free and Clear Sale of Substantially All Assets of the Debtor to a Bona Fide Purchaser; (B) Approving Sale and Bid Procedures; (C) Setting Forth Objection Deadlines and Related Dates with Respect to the Proposed Sale; (D) Finding that the form of Notice of Sale are Sufficient; (E) Scheduling a Subsequent Hearing on Final Approval of the Sale, and Confirmation of the Debtor's First Amended Plan of Reorganization; and (F) Granting Related Relief [ECF Doc. No. 47] (the "Motion") and will supplement that filing with the filing

of its first amended chapter 11 plan of reorganization (including all exhibits thereto, and as may be amended, restated, supplemented, or otherwise modified from time to time in accordance with its terms, the "First Amended Plan") seeking, among other things, the entry of an order approving: (I) the sale and bidding procedures (the "Sale and Bidding Procedures") in connection with the proposed sale (the "Proposed Sale") of substantially all of the assets of the Debtor (the "Purchased Assets") to one successful bidder; (II) the Asset Purchase Agreement, Bid Protections, and the Stalking Horse Bidder; and (III) scheduling dates and deadlines in connection with confirmation of the First Amended Plan and approval of the Proposed Sale. The Order Approving Bidding Procedures is attached hereto as Exhibit "A"

**PLEASE TAKE FURTHER NOTICE** that on March 17, 2021, at 10:00 AM (EST) the Bankruptcy Court will hold a hearing to consider the Motion. On that date, and at that time, the Debtor will request that the Court enter an Order approving the sale as set forth in the Motion, as described in the preceding paragraph.

## CONTACT PERSONS FOR PARTIES INTERESTED IN OBTAINING MORE INFORMATION OR SUBMITTING A BID

The Sale and Bidding Procedures set forth in detail the requirements for submitting Qualified Bids, and any person interested in making an offer to purchase the Assets **must** comply strictly with the Sale and Bidding Procedures. **Only Qualified Bids that are submitted in accordance with**

**the Sale and Bidding Procedures will be considered by the Debtor**. Any persons interested in making an offer to purchase the Assets should contact:

Albert A. Ciardi, III, Esq.
Jennifer C. McEntee, Esq.
CIARDI CIARDI & ASTIN
1905 Spruce Street
Philadelphia, Pennsylvania 19103
(215) 557-3550
Aciardi@ciardilaw.com
Jcranston@ciardilaw.com

## PROPOSED SALE SCHEDULE

1.  **Overbid Deadline**: <u>March 2, 2021 at 5:00 PM (EST)</u> is the deadline by which all competitive bidders must submit their proof of funds to close, Bidder Agreements, cash deposits, and qualified bids so that they are actually received by the Debtor.

2.  **Auction**. <u>March 4, 2021 at 10:00AM (EST)</u> is the date when the Debtor will conduct an auction via Zoom with the Stalking Horse Bidder and any Qualified Bidders.

3.  **Announcement of Winning Bidder**: <u>March 8, 2021, at 12:00 PM (EST)</u> is the date and time for the Debtor to announce the winning bid in compliance with the Sale and Bid Procedures set forth herein and a full report of the auction

4.  **Deadline to Object to Sale** : <u>March 11, 2021, at 12:00 PM (EST)</u> is the deadline by which all interested parties may serve the Debtor or Debtor's counsel with objections to the Debtor's Motion for Final Approval of Sale to the Winning so that each and every such objection, if any, are actually received by the Debtor or Debtor's counsel.

5.        **Sale Hearing** : <u>March 17, 2021, at 10:00 AM (EST)</u> is the date and time set for the hearing on the Debtor's Motion for Final Approval of Sale to the Winning Bidder, and the date and time set for the hearing on the Debtor's request for Confirmation of its First Amended Plan of Reorganization.

<u>**FILING OBJECTIONS TO THE  PROPOSED SALE**</u>

Any objection to the Proposed Sale must: (a) be in writing, (b) state with specificity the nature of such objection, (c) comply with the applicable provisions of the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and (d) be filed with the Bankruptcy Court and served upon, so as to be **<u>actually</u>** **<u>received</u>** on or prior to the Sale Objection Deadline, as applicable, by the following parties:

Albert A. Ciardi, III, Esq.

Jennifer C. McEntee, Esq.

CIARDI CIARDI & ASTIN

1905 Spruce Street

Philadelphia, Pennsylvania 19103

(215) 557-3550

Aciardi@ciardilaw.com

Jcranston@ciardilaw.com

The sale will include a transfer free and clear of all liens, claims, interests and encumbrances, including those alleged interests asserted by Caliber Jet Charter, LLC and all proceeds of sale shall be held by the Debtor or as directed by the Court until a further order approving disposition of proceeds is entered.