YANN GERON, Subchapter V Chapter 11 Trustee
c/o Geron Legal Advisors LLC
370 Lexington Avenue, Suite 1101
New York, New York 10017
(646) 560-3224

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re                                                          :      Chapter 11
                                                               :
ALL IN JETS, LLC d/b/a JET READY,                              :      Case No. 20-11831-mew
                                                               :
                    Debtor.                                    :
---------------------------------------------------------------x

## SUBCHAPTER V TRUSTEE'S PRELIMINARY RESPONSE TO DEBTOR'S SECOND AMENDED SUBCHAPTER V SMALL BUSINESS PLAN OF REOGANIZATION

TO THE HONORABLE MICHAEL E. WILES,
UNITED STATES BANKRUPTCY JUDGE:

Yann Geron (the "Trustee"), the Subchapter V Trustee of the estate of All In Jets, LLC d/b/a Jet Ready (the "Debtor"), the above-captioned debtor, as and for his preliminary response to the Debtor's Second Amended Subchapter V Small Business Plan of Reorganization, filed on April 16, 2021 [DE 94] (the "Plan"), respectfully sets forth and submits the following:

**Preliminary Statement**

1. By order dated March 29, 2021 [DE 95] (the "Scheduling Order"), this Court set May 10, 2021, as the deadline by which objections to the Plan must be filed and served upon Debtor's counsel. On May 7, 2021, Debtor filed an application (the "Rescheduling Application") without prior notice seeking to modify certain deadlines in the Scheduling Order, including specifically to extend the Plan objection deadline to June 21, 2021, at 4:00 p.m. Eastern. The Trustee does not object to the Rescheduling Application. However, since the Rescheduling Application remains under consideration, the Trustee is filing this response on May 10, 2021 in order to timely comply with the Scheduling Order. In the event the Court extends the Plan

objection deadline and reschedules the confirmation hearing, or if the Debtor amends the Plan further, the Trustee reserves his right to amend and supplement this response and to file objections.

**General Background**

2. On August 9, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Subchapter V of chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court") [DE 1].

3. On August 10, 2020, the United States Trustee appointed me to serve as Subchapter V Trustee in the Debtor's small business chapter 11 case pursuant to Section 1183(a) of the Bankruptcy Code [DE 4]. I qualified and am currently serving in this capacity.

4. Throughout the course of this case, and increasingly in recent weeks, I have worked with the debtor and creditors seeking to facilitate the development of a consensual plan of reorganization in this case. I have previously discussed many of the points below with certain creditors and with the Debtor in an effort to try to reserve these issues prior to confirmation.

5. By order dated February 3, 2021 [DE 68], my powers at SubV Trustee in this case were expanded to allow me to retain Plotzker & Agarwal CPA's LLC ("PACPA) as my accountants to aid in my investigation of (i) the Debtor's pre-petition transfers as may be required to investigate any estate claims under Sections 544, 547, 548 and 550 of the Bankruptcy Code, and (ii) whether the alleged claim of Caliber Jet Charter LLC may be entitled to priority treatment or should be treated as a general, unsecured claim.

6. Shortly after my duties were expanded, on March 16, 2021, the Debtor filed its First Amended Plan, which proposed to convey any and all avoidance actions into a post-confirmation trust for the benefit of creditors. The Second Amended Plan also proposes to convey

all estate avoidance actions to the liquidation trust. Thus, since March 2021, the Debtor has consistently agreed to cede control of all estate avoidance claims to a fiduciary for the benefit of creditors. In light of this, while my accountants and I have obtained and analyzed information about potential estate claims, I have been mindful of estate economics and have deferred, at least temporarily, a more exhaustive analysis and report on estate avoidance claims in order to preserve estate resources for the benefit of creditors. If the estate claims are ultimately conveyed to a fiduciary as the Debtor proposes, then it may be more efficient to have that fiduciary complete the analysis in context.

7. My accountants and I have also reviewed evidence concerning the claim of Caliber Jet Charter LLC. Caliber has filed proof of claim 28 (the "Caliber Claim"), in the estimated amount of $10,000,000. Notably, the Caliber Claim does not purport on its face to be secured or hold a priority of distribution under Section 507(a) of the Bankruptcy Code. However, Caliber does contest the Debtor's title to the Part 135 Certificate, which poses other concerns for Plan confirmation, as further noted below.

## **Response to the Plan**

8. Section 1190 of the Bankruptcy Code requires that the Debtor's plan include projections with respect to the ability of the debtor to make payments under the proposed Plan. The Debtor's Plan does not appear to contain adequate information addressing this requirement. The Plan appears to be lacking a necessary schedule detailing financial projections of the Debtor following transfer of control and post-confirmation.

9. Pursuant to Sections 1191(b) and 1129(a)(11), to obtain confirmation, the Debtor will need to demonstrate the feasibility of the Plan, including the Plan's proposed deferred payments to creditors arising from the sale of the equity which will give rise to transfer of control

of the Part 135 Certificate. The Plan does not provide sufficient information demonstrating the wherewithal of the proposed purchaser of the Debtor's membership interests or its ability to comply with FAA requirements and operate the Part 135 Certificate. Nor does the Plan demonstrate that creditors will have adequate recourse in the event the purchaser of the Debtor's membership interest (and the Part 135 Certificate) fails to make the payments as and when they are due.

10. The Plan states that administrative claims under 503(b) will be paid in full. However, the Plan provides that only $25,000 will be reserved for the payment of these claims on the effective date, with the rest paid in deferred payment from the assets of the liquidating trust. The assets of the liquidating trust will be comprised of (i) $25,000 advanced by the Debtor's principal, (ii) the deferred proceeds from the transfer of the debtor's membership interests and Part 135 Certificate, and (iii) any recoveries obtained by the trust on any avoidance actions. The deferred sale proceeds and recovery proceeds in the liquidating trust are uncertain and contingent at best. Subject to this Court's allowance, it is anticipated that the administrative claims under Section 503(b) will far exceed the $25,000 reserve provided by the Debtor's principal. By order dated April 28, 2021 [DE 97], Debtor's counsel was awarded partial interim fees of $42,000 on an application for total fees of $93,737.40. As SubV Trustee, my billings to date exceed $30,000 and will increase prior to confirmation. PACPA also has billings in this case. It is likely, therefore, that Section 503(b) administrative claims could significantly exceed $125,000 at confirmation. The Debtor has not adequately demonstrated in the Plan its ability to pay these administrative claims at confirmation or by deferred payments.

11. Pursuant to the Scheduling Order, on May 7, 2021, Debtor filed its Report of Plan Voting [DE 99], which indicates that 3 out of the 4 timely ballots cast by Class 2 creditors

under the Plan (impaired general unsecured claims), representing 99.2% of the total claim amount voting in this class, have voted against acceptance of the Plan. Consequently, the Debtor will be required to seek confirmation of its Plan by cram-down under 1191(b) of the Bankruptcy Code. In part, the Debtor will be required to demonstrate that the Plan is fair and equitable as to Class 2 claims, as defined under 1191(c) of the Bankruptcy Code. As noted, the Plan does not include information concerning the Debtor's projected disposable income in the 3-year period following confirmation. Nor does the Plan purport to have the Debtor make any payments from its projected disposable income following confirmation. Absent modification of the Plan, it appears that the Plan does not meet this requirement of cram-down under 1191(b).

12. The Plan defers the fixing of general unsecured claims to the liquidating trust and its trustee. Therefore, most claim disputes are deferred to post-confirmation and their resolution may be less pivotal to confirmation except to the extent of estimation of claims for voting purposes. However, Caliber is contesting the Debtor's title to the Part 135 Certificate, and the transfer of the certificate is a key element of the Plan. In the absence of resolution with Caliber and the FAA, this issue could impede the feasibility of the Plan.

13. As noted by the Debtor in its Rescheduling Application, the Debtor will be required to resolve the IRS claim prior to confirmation, and to obtain approval from the FAA of the proposed transfer of the Part 135 Certificate as proposed under the Plan. The Debtor has not provided details on the anticipated timing on these steps.

14. On May 5, 2021, Debtor filed a supplement to the Plan [DE 98], which encloses the Liquidating Trust Agreement. I have reviewed that draft agreement and believe it would be generally adequate for me to agree to serve as liquidating trustee and would serve its intended purpose for the benefit of creditors under the Plan.

Respectfully Submitted,

Dated: New York, New York
May 10, 2021

    */s/ Yann Geron*
Yann Geron, Subchapter V Trustee of the
Estate of All In Jets, LLC d/b/a Jet Ready
c/o Geron Legal Advisors LLC
370 Lexington Avenue, Suite 1101
New York, New York 10017
(646) 560-3224