| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK** | |
| **CIARDI CIARDI & ASTIN**<br>Albert A. Ciardi, III, Esquire<br>Jennifer C. McEntee, Esquire<br>1905 Spruce Street<br>Philadelphia, PA 19103<br>(215) 557-3550 | Case No. 20-11831 (MEW)<br><br>Judge: Michael E. Wiles<br><br>Chapter 11, Subchapter V, Small Business Debtor Reorganization |
| **In re:**<br><br>**All In Jets, LLC d/b/a JetReady,**<br><br>               Debtor. | |

## ORDER CONFIRMING FIFTH AMENDED PLAN PROPOSED BY
## ALL IN JETS, LLC d/b/a JETREADY

U<small>PON THE</small> filing of the Fifth Amended Plan (the "Plan") [Docket No. 134] proposed by All In Jets, LLC d/b/a JetReady, the above-captioned Debtor and Debtor - in- Possession (the "Debtor"); and upon this Court's order fixing time to file objections to the Plan and fixing time for a confirmation hearing; and the Court having held a hearing on November 3, 2021, to consider confirmation of the Plan and any objections thereto; and it further appearing that notice of such November 3, 2021 confirmation hearing and the opportunity of any party in interest to object to confirmation of the Plan was adequate and appropriate, in accordance with Rule 2002(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), as to all parties to be affected by the Plan and the transactions contemplated thereby; and upon the certification of ballots filed on November 1, 2021 [Docket No. 136 and the Court having heard the proffers of testimony and the argument of the parties at the Confirmation Hearing, and the Court having found that notice and opportunity to be heard was provided to all creditors and parties in interest

of the Plan, voting and objection deadlines and the date and time of the Confirmation Hearing, and no objections to confirmation of the Plan having been received or filed, and for the reasons stated on the record on November 3, 2021,

It is hereby ORDERED as follows:

1. The Plan complies with Sections 1191 of the Bankruptcy Code and is hereby CONFIRMED.

2. The provisions of the confirmed Plan and this Confirmation Order bind the Debtor and all creditors and parties in interest.

3. The Debtor is authorized to execute and deliver any and all documents or instruments and take any and all actions necessary or desirable to implement the Plan, this Confirmation Order, and any other transactions contemplated under those documents. As detailed by the Court on the record of the Hearing, the Court finds and holds that Plan is fair and equitable as to Class 2 under the Plan. The Liquidating Trust Agreement (the "LTA") accompanying the Plan is hereby approved.

4. Upon the Effective Date, as that term is defined in the Plan, Yann Geron will serve as the Liquidating Trustee under the LTA and he shall be authorized and empowered to implement and discharge his duties under the LTA.

5. The Debtor will file all outstanding Monthly Operating Reports within thirty (30) days of the date of this Order.

6. As set forth on the record of the Hearing, the Debtor's existing member has deposited with Debtor's counsel $132,500 (the "Equity Contribution") cash

infusion contemplated by the Plan, which funds shall be distributed by Debtor's counsel as provided under the Plan.

7. Upon the Effective Date, the Debtor's existing equity is canceled pursuant to the Plan and the Debtor's existing member shall not receive any consideration on account of his interest in the Debtor.

8. Upon the Effective Date and the delivery of the Deposit, Note and Security Agreement to the Liquidating Trustee, new equity in the Reorganized Debtor shall be issued to Sea to Sky Air, Inc. d/b/a Flying Zebra pursuant to the Plan.

9. Upon the Effective Date, the Reorganized Debtor owns its assets, including the Part 135 Certificate, free and clear of all liens, claims, and encumbrances except for the Security Interest granted to the Liquidating Trust as fully set forth in the Plan. For the avoidance of any doubt, as of the Effective Date, all liens, claims and interests in the Debtor are transferred to the Liquidating Trust as provided under the Plan.

10. Upon the Effective Date, all causes of action of the Debtor, the $75,000 Deposit, the Note and Security Agreement are transferred to the Liquidating Trust.

11. Counsel to the Debtor shall file any final fee application by no later than November 12, 2021. To the extent the Court-approved fees and expenses on an interim and final basis exceed the amount approved and paid in the order awarding such counsel's First Interim Fee Application [Docket No. 90] plus $67,500 of the Equity Contribution, Debtor's counsel has waived payment of those additional fees and Debtor's counsel shall not seek recovery of those unpaid fees and expenses from the Liquidating Trust.

12. The Trustee and his duly retained accountants shall file their first and final fee application for his services in this case by no later than November 12, 2021. The awarded fees and expenses of the Trustee and his accountants shall be paid first from the remaining portion of the Equity Contribution net of any payment made to Debtor's counsel in accordance with the prior paragraph of this order, and the awarded balance shall be paid from the Liquidating Trust as detailed in the Plan.

**BY THE COURT:**

<u>**s/Michael E. Wiles**   11/9/2021</u>
HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE