**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
In re                                             :
                                                  :      Chapter 11
ALL IN JETS, LLC, d/b/a JET READY,                :
                                                  :      Case No. 20-11831 (MEW)
                                    Debtor.       :
------------------------------------------------------------x

***EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE TRUSTEE TO EXAMINE: (I) INSIDERS AND FORMER INSIDERS OF THE DEBTOR INCLUDING (A) SETH ADAM BERNSTEIN, THE MANAGING MEMBER AND OWNER, (B) JOSEPH CARELLO, THE FORMER DIRECTOR OF OPERATIONS, (C) DANIEL HEBERT, THE FORMER CHIEF FINANCIAL OFFICER, (D) JOHN SCOTTO, THE FORMER PRESIDENT OF SALES, AND (E) ANY FORMER EXECUTIVES OR EMPLOYEES WHO MAY HAVE POSSESSION OF THE DEBTOR'S BOOKS AND RECORDS AND/OR KNOWLEDGE OR INFORMATION REGARDING THE DEBTOR'S FINANCIAL AFFAIRS; (II) ANY AFFILIATES OF THE DEBTOR INCLUDING (A) SMB CAPITAL, (B) BERNSTEIN EQUITY PARTNERS, LLC, (C) BERNSTEIN HEBERT SECURITIES LLC, AND (D) ANY OTHER ENTITY BELIEVED TO HAVE A FINANCIAL RELATIONSHIP WITH THE DEBTOR; (III) FLIGHTAWARE, LLC, A THIRD-PARTY DATA PROVIDER WITH INFORMATION RELATED TO THE DEBTOR'S COMMERCIAL AIR TRAVEL; (IV) LANCE DIAMOND OF IMPACCT, LLC, WHO IS BELIEVED TO HAVE BOOKS AND RECORDS OF THE DEBTOR; (V) SEA TO SKY AIR, INC., THE PURCHASER OF THE DEBTOR'S EQUITY; AND (VI) FINANCIAL INSTITUTIONS WITH INFORMATION RELATED TO THE DEBTOR'S FINANCIAL AFFAIRS***

Upon the *ex parte* application (the "Application")[1] of Yann Geron (the "Trustee"), the Liquidating Trustee of the Jetready Liquidating Trust (the "Trust"), which was established pursuant to the confirmed fifth amended plan of reorganization of All in Jets, LLC, d/b/a JetReady, the above-captioned reorganized debtor (the "Debtor"), for entry of an order, pursuant to Fed. R. Bankr. P. 2004, authorizing him to examine:

(I) Insiders and former insiders of the Debtor (each an "Insider," collectively, the "Insiders") including:

   a. Seth Adam Bernstein, the Managing Member and prior owner of the Debtor;

---
[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

b. Joseph Carello, the former Director of Operations;

c. Daniel Hebert, the former Chief Financial Officer;

d. John Scotto, the former President of Sales; and

e. Any other former executives or employees who may be in possession of the Debtor's books and records, and/or information regarding the Debtor's financial affairs;

(II) Any entities affiliated with the Debtor (each an "<u>Affiliate</u>," collectively, the "<u>Affiliates</u>") including, but not limited to:

a. SMB Capital;

b. Bernstein Equity Partners, LLC;

c. Bernstein Hebert Securities LLC; and

d. Any other believed Affiliate or recipient of the proceeds of Debtor's Payroll Protection Program ("<u>PPP</u>") loan(s);

(III) FlightAware, LLC ("<u>FlightAware</u>"), a third-party that operates a commercial flight tracking and data platform with information regarding the Debtor's business;

(IV) Lance Diamond of Impacct, LLC, who according to the Debtor was in possession of the Debtor's books of account and records when the bankruptcy case was filed;

(V) Sea to Sky Air, Inc., d/b/a Flying Zebra ("<u>Zebra</u>"), the purchaser of the Debtor's equity, to the extent that it currently possesses the Debtor's pre-petition books and records; and

(VI) Any financial institutions with accounts owned or controlled by the Debtor, or in which the Debtor is believed to have accounts over which it has some direct or indirect interest, or in which the Debtor has a debtor-creditor relationship (each a

"Financial Institution," collectively, the "Financial Institutions"), including, but not limited to:

a. First Bank of the Lake;

b. Wells Fargo Bank, N.A.;

c. Bank of America, N.A.; and

d. American Express;

(each proposed examinee, an "Examinee," collectively, the "Examinees"); and no notice of the relief sought in the Application being required or necessary; and the Court having found and determined that the relief sought in the Application is in the best interest of the Reorganized Debtor and the Trust; and the legal and factual bases set forth in the Application having established just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

**ORDERED**, that the Application is GRANTED to the extent set forth herein; and it is further

**ORDERED**, that the Trustee may issue subpoenas directing the Examinees to produce documents in response to the Trustee's document requests without prejudice to the rights of the Examinees to object in accordance with the applicable rules; and it is further

**ORDERED**, that the Trustee may issue subpoenas directing the Examinees to appear for examinations under oath to testify as to this bankruptcy proceeding without prejudice to the rights of the Examinees to object in accordance with the applicable rules; and it is further

**ORDERED**, that to the extent necessary, the Trustee's rights are reserved to request additional examinations or documents under Bankruptcy Rule 2004 based on any information that may be revealed as a result of the discovery obtained pursuant to this Order; and it is further

**ORDERED**, that this Order shall be served upon (i) the Examinees; (ii) the Office of the

U.S. Trustee; and (iii) all parties who have appeared in this chapter 11 case; and it is further

**ORDERED**, that this Court retains jurisdiction to resolve all matters arising under or related to this Order, and to interpret, implement, and enforce the provisions of this Order.

Dated: New York, New York
        May 24, 2022

    /s/ **Michael E. Wiles**
    HONORABLE MICHAEL E. WILES
    UNITED STATES BANKRUPTCY JUDGE