**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
In re                                   :

                                         :         Chapter 11

ALL IN JETS, LLC, d/b/a JETREADY,        :

                                         :        Case No. 20-11831 (MEW)

                 Debtor.           :
--------------------------------------------------------------------x

## EIGHTH STIPULATION AND ORDER EXTENDING TRUSTEE'S TIME TO ASSERT CLAIMS AND CAUSES OF ACTION AGAINST, AMONG OTHERS, DEBTOR'S FORMER OWNER AND MANAGER SETH BERNSTEIN AND AFFILIATED AND INSIDER ENTITIES

This eighth stipulation (the "Eighth Stipulation") is made and entered into by and between (A) Yann Geron (the "Trustee"), the Liquidating Trustee of the JetReady Liquidating Trust (the "Trust"), which was established pursuant to the confirmed fifth amended plan of reorganization of All in Jets, LLC, d/b/a JetReady, the above-captioned reorganized debtor (the "Debtor"), (B) Seth A. Bernstein, a/k/a Seth M. Bernstein ("Bernstein"), (C) Bernstein Equity Partners, LLC ("BEP"), (D) One World Aviation 118, LLC ("One World 118"), (E) One World Aviation 253, LLC ("One World 253"), (F) One World Aviation 299, LLC ("One World 299" and together with One World 118 and One World 253, the "One World Entities"), (G) SMB Air LLC ("SMB Air"), (H) SMB Aircraft LLC ("SMB Aircraft"), (I) SMB Challenger I, LLC ("SMB Challenger"), (J) SMB GIII, LLC ("SMB GIII"), (K) SMB G-IV, LLC ("SMB G-IV"), (L) SMB G-IV I LLC ("SMB G-IV I"), (M) SMB G-IV II, LLC ("SMB G-IV II"), (N) SMB G-IV III, LLC ("SMB G-IV III"), (O) SMB G-IV IV, LLC ("SMB G-IV IV"), (P) SMB G-IV V, LLC ("SMB G-IV V"), (Q) SMB G-IV VI, LLC ("SMB G-IV VI"), (R) SMB G-IV VII, LLC ("SMB G-IV VII"), (S) SMB G-IV IX, LLC ("SMB G-IV IX"), (T) SMB G-IV XI, LLC ("SMB G-IV XI"), and (U) 917MS LLC ("917MS" and together with BEP, SMB Air, SMB Aircraft, SMB Challenger, SMB GIII, SMB G-IV, SMB G-IV I, SMB G-IV II, SMB G-IV III, SMB G-

IV IV, SMB G-IV V, SMB G-IV VI, SMB G-IV VII, SMB G-IV IX, and SMB G-IV XI, the "Bernstein Entities" and together with the Trustee, Bernstein, and One World Entities, the "Parties" or each a "Party"), as follows:

## RECITALS

A. On August 9, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under subchapter V of chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the or this "Court").

B. On August 10, 2020, the United States Trustee appointed the Trustee to serve as Subchapter V Trustee in this case pursuant to section 1183(a) of the Bankruptcy Code [Docket No. 4].

C. By order dated November 9, 2021, the Court confirmed the Debtor's fifth amended plan of reorganization (the "Plan") [Docket Nos. 134 and 138]. The Plan provided for the formation of the Trust and for the Trustee to serve as the liquidating trustee of the Trust. The Plan further provided for the assignment of any and all causes of action of the Debtor's estate to the Trust.

D. The Trustee is investigating whether certain claims, including but not limited to claims and causes of action that exist under Chapter 5 of the Bankruptcy Code (collectively, the "Potential Claims") may exist against Bernstein, the Bernstein Entities, and the One World Entities.

E. On August 10, 2022, this Court "So Ordered" a stipulation (the "First Stipulation") [Docket No. 158] that extended the deadline by which the Trustee must assert the Potential Claims to October 31, 2022.

F.	On November 1, 2022, this Court "So Ordered" a second stipulation (the "Second Stipulation") [Docket No. 163] that extended the deadline by which the Trustee must assert the Potential Claims to December 20, 2022.

G.	On December 20, 2022, this Court "So Ordered" a third stipulation (the "Third Stipulation") [Docket No. 168] that extended the deadline by which the Trustee must assert the Potential Claims to February 28, 2023.

H.	On February 17, 2023, this Court "So Ordered" a fourth stipulation (the "Fourth Stipulation") [Docket No. 170] that extended the deadline by which the Trustee must assert the Potential Claims to April 28, 2023.

I.	On April 21, 2023, this Court "So Ordered" a fifth stipulation (the "Fifth Stipulation") [Docket No. 176] that extended the deadline by which the Trustee must assert the Potential Claims to June 30, 2023.

J.	On June 26, 2023, this Court "So Ordered" a sixth stipulation (the "Sixth Stipulation") [Docket No. 179] that extended the deadline by which the Trustee must assert the Potential Claims to September 29, 2023.

K.	On September 20, 2023, this Court "So Ordered" a seventh stipulation (the "Seventh Stipulation" and together with the First Stipulation, Second Stipulation, Third Stipulation, Fourth Stipulation, Fifth Stipulation, and Sixth Stipulation, the "Prior Stipulations") [Docket No. 185] that extended the deadline by which the Trustee must assert the Potential Claims to November 30, 2023 (the "Deadline").

L.	On August 25, 2023, this Court "So Ordered" a stipulation governing the mediation process, whereby a neutral and impartial person will assist the Parties in attempting to

reach a mutually acceptable negotiated resolution of the Potential Claims [Docket No. 183]. The mediation occurred on October 18, 2023.

M.    The Parties wish to voluntarily further extend the Deadline to avoid, if possible, the commencement of litigation if the Potential Claims can be resolved consensually.

<u>**AGREEMENT**</u>

**NOW THEREFORE**, relying specifically on the foregoing recitals and in consideration of the mutual promises and covenants contained herein, the Parties hereby stipulate and agree as follows:

1.    <u>Recitals.</u>  The recitals and precatory phrases and paragraphs set forth above are hereby incorporated in full and made a part of this Eighth Stipulation.

2.    <u>Tolling Period</u>.  The term of this Agreement (the "<u>Tolling Period</u>," and together with the Tolling Period under the Prior Stipulations, the "<u>Tolling Periods</u>") is from November 30, 2023 through January 31, 2024, unless further extended by an agreement of the Parties in writing.  Either Party shall have the right to terminate this Agreement on seven days' written notice to the undersigned counsel for the other Party, in which case the tolling period shall end on the eighth day following the date of the notice.

3.    <u>Tolling Provisions</u>. Any and all statutes of limitations, statutes of repose, the equitable doctrine of laches, and any other time-related defense or rule that is premised upon delay in filing, notifying or in taking any action (collectively, "<u>Limitations Defenses</u>") to prosecute the Potential Claims, and any defense and/or counterclaims of any Party specifically related to these time-related deadlines (collectively, the "<u>Defenses/Counterclaims</u>") shall be tolled during the Tolling Periods and the Tolling Periods shall not be used in calculating any Limitations Defenses applicable to the Potential Claims and the Defenses/Counterclaims.  This

Agreement shall not be deemed to shorten any applicable statutes of limitations governing any Claims, and this Agreement is made without prejudice to other rights, claims, or defenses available to any Party as of the date of this Agreement. This Agreement shall not be deemed to revive any Claim that is or was already barred prior to the Term. Nothing in this Agreement, or in the circumstances which gave rise to it, shall be construed as an admission of any Party that any Claim has or has not been barred by any statutes of limitations or any other defense based on the lapse of time.

4.      No admission of Liability. No admission of liability by any Party is expressed or implied by this Agreement.

5.      Preservation of Rights.  Except as specifically provided herein, the rights, obligations, positions, claims and defenses of the Parties hereto shall in no way be affected by the Prior Stipulations or this Eighth Stipulation (collectively, the "Stipulations") and such rights, obligations, positions, claims and defenses are specifically reserved.  The execution of the Stipulations, and/or anything contained herein shall not operate as an admission of liability or responsibility by the parties hereto and shall not be so construed, nor shall the Stipulations be used as evidence in any action or proceeding for any purpose other than the enforcement of the terms hereof.  No independent claim or cause of action shall be created by the Stipulations; provided, however, that nothing contained in the Stipulations, including the foregoing provisions of this sentence, shall act in any way to limit or diminish the right of any Party to the Stipulations to seek to enforce the Stipulations.

6.      Entire Agreement/No Oral Modification. The Parties represent that the Stipulations constitute the entire agreement in connection with the extension of Deadline with respect to the Potential Claims and that the Stipulations may not be changed, modified or altered

in any way or manner, except in writing, signed by the party against which such change, modification or alteration is sought to be enforced.

7.      Execution of Counterparts.  This Eighth Stipulation may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  Any signature delivered by a party via e-mail or telecopier transmission shall be deemed an original signature hereto.

8.      Bankruptcy Court Jurisdiction/Choice of Law.  The Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or related to the Stipulations, including, without limitation, for purposes of enforcing the terms and conditions of the Stipulations.  The Stipulations shall be governed by the laws of the State of New York.

9.      No Waiver.  No failure or delay by either Party in exercising any right, power, or privilege under the Stipulations or applicable law shall operate as a waiver by that Party of any such right, power or privilege.

10.     Severability.  The invalidity, illegality, or unenforceability of any provision of the Stipulations shall not affect any other provision of the Stipulations, which Stipulations shall remain in full force and effect and shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

11.     Representations of Authority.  The persons signing below each represents and warrants that he/she has the authority to enter into this Eighth Stipulation on behalf of the Party on whose behalf he/she so signs.  The undersigned counsel, each represent that they have the full power and authority necessary to bind their respective clients to the terms of this Eighth Stipulation, in the same manner as if the clients have duly executed the same.

*[Continued on next page]*

12. Costs. Each party to this Eighth Stipulation shall bear its own attorneys' fees and costs.

Dated: New York, New York
November 16, 2023

**KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**

By: /s/ Fred Stevens
Fred Stevens
Lauren C. Kiss
200 West 41st Street, 17th Floor
New York, New York 10036-7203
Tel: (212) 972-3000
Fax: (212) 972-2245
Email: fstevens@klestadt.com
       lkiss@klestadt.com

*Special Litigation Counsel to Yann Geron, Liquidating Trustee of the JetReady Liquidating Trust*

Dated: Atlanta, Georgia
November 16, 2023

By: /s/ Brandon Williams
*Counsel to One World Aviation 118, LLC, One World Aviation 253, LLC, and One World Aviation 299, LLC*

Dated: New York, New York
November 16, 2023

**WACHTEL MISSRY LLP**

By: /s/ Steven J. Cohen
Steven J. Cohen
One Dag Hammarskjold Plaza, 47th Floor
885 Second Avenue
New York, New York 10017
Tel: (212) 909-9505
Email: cohen@wmllp.com

*Counsel to Seth A. Bernstein, a/k/a Seth M. Bernstein, Bernstein Equity Partners, LLC, SMB Air LLC, SMB Aircraft LLC, SMB Challenger I, LLC, SMB GIII, LLC, SMB G-IV, LLC, SMB G-IV I, LLC, SMB G-IV II, LLC, SMB G-IV III, LLC, SMB G-IV IV, LLC, SMB G-IV V, LLC, SMB G-IV VI, LLC, SMB G-IV VII, LLC, SMB G-IV IX, LLC, SMB G-IV XI, LLC, and 917MS LLC*

**IT IS SO ORDERED:**

Dated: New York, New York
_____ ___, 2023

_____
HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE